WOLD, Respondent, vs. ORDWAY, Appellant.

*January 14 — February 1, 1887.*

*(1) Justices' courts: Appeal: New judgment: Interest. (2) Costs: Reversal of judgment.*

1. Where a justice's judgment for less than $15 is affirmed, a readjudication by the appellate court that the respondent recover the amount of such judgment together with interest thereon from the time of its rendition, will not be deemed a new judgment or anything more than a simple affirmance.

2. A judgment affirming a justice's judgment was set aside, and after a rehearing a new judgment of affirmance was rendered which included costs to the amount of $9.69 in addition to the costs recovered in the previous judgment of affirmance. It did not appear what such excess was for, but no specific objection thereto was made in the circuit court. *Held,* that the judgment would not be disturbed on account of such excess.

APPEAL from the Circuit Court for *Dodge* County.

The case is thus stated by Mr. Justice CASSODAY:

This action was to recover eight dollars, the alleged

Wold vs. Ordway.

agreed purchase price of a pair of boots alleged to have been made by the plaintiff for the defendant upon his order, but which he refused to take or pay for. In addition to denials, the answer alleged a failure of performance of the contract on the part of the plaintiff, in that the boots did not fit the defendant. On the trial in the justice's court, the plaintiff recovered judgment for $8 damages and $6.87 costs, making $14.87. The defendant appealed to the circuit court for Sauk county. The venue was then changed to the circuit court for Dodge county, wherein it was duly brought to a hearing by the plaintiff's counsel (no one appearing for the defendant), November 28, 1884, and on motion of the plaintiff it was ordered and adjudged, in effect, that the said judgment be in all things affirmed; that the plaintiff recover of the defendant the amount of said judgment, to wit, $14.87, with interest thereon from the rendition thereof, amounting in all to $17.88, together with his costs, adjudged at $20.90, which amounted in the whole to $38.78; and that he have execution therefor. An execution was thereupon issued and delivered to the sheriff, January 3, 1885, and January 14, 1885, the sheriff served the execution on the defendant. Thereupon, and on the same day, an order was made by the trial court, staying all proceedings in the action, and served upon the sheriff. On the same day an order was made by the court for the plaintiff to show cause why the judgment and execution should not be vacated and set aside, "for the reason that said judgment was contrary to stipulation of parties in open court." That motion was heard, and then determined by the court, February 10, 1885, whereupon it was ordered that said judgment be vacated and set aside; that the sum of $10 be allowed to the prevailing party upon the final determination of said cause as taxable costs upon said judgment and motion, and, in case said plaintiff shall prevail, $3.75 additional costs made upon said execution; that the cause be

placed upon the calendar for trial at the same term. The cause was then reheard, and the circuit court thereupon, and on July 7, 1885, ordered and adjudged, in effect, that the judgment rendered by the justice of the peace be, and the same was thereby, in all things affirmed; that the plaintiff recover of the defendant the amount of that judgment, to wit, $14.87, with the interest thereon from its rendition, amounting to $3.50, making $18.37; that he also recover the amount of his costs, adjudged at $43.34, which amounted in the whole to $61.71; and that he have an execution thereon. From that judgment the defendant appeals.

*H. L. Eaton,* for the appellant.

For the respondent the cause was submitted on the brief of *E. C. Lewis.*

CASSODAY, J. The judgment in the justice's court, exclusive of costs, was less than $15. This being so, and there being no affidavit of any larger claim, the appeal was necessarily heard on the original papers and the return of the justice. Sec. 3767, R. S. It was so heard. Upon such hearing the court was expressly required, in effect, to give judgment according to the justice of the case, without regard to technical errors or defects which did not affect the merits; and, in giving judgment, to affirm or reverse the judgment of the court below, in whole or in part, either as to damages or costs or both, as to any and all the parties, and for errors of law or fact. Sec. 3769, R. S. In other words, the jurisdiction upon such an appeal is purely appellate. This has often been determined. Here the judgment in the justice's court was wholly affirmed, both as to damages and costs,— first on default, and then, after being reopened, again on a rehearing. This being so, the plaintiff was entitled, as a matter of law, to interest on the amount of that judgment from the time of its rendition. The mere fact that the amount of such interest was com-

Wold vs. Ordway.

puted to the time of such affirmance, and recited in the judgment, together with the, total amount of the two combined, with a readjudication that the plaintiff should recover the same, did not make it a new judgment or anything more than a simple affirmance. Upon such affirmance, the plaintiff was entitled to $10 costs, and all disbursements and officer's fees. Sec. 2925, R. S. On such affirmance, November 28, 1884, the plaintiff recovered $10 for attorney's fees, and $10.90 for clerk's fees and disbursements, making $20.90. The setting aside of the default " for the reason that the judgment was contrary to stipulation of parties in open court," was undoubtedly addressed to the sound discretion of the circuit court, and hence no error was committed in allowing the plaintiff, as a condition of granting said motion, $10 costs, and $3.75 sheriff's fees upon the execution. In the judgment entered after the rehearing, to wit, July 7, 1885, the plaintiff recovered $43.34 for his costs; that is to say, $9.69 more than the aggregate costs recovered in the judgment of November 28, 1884, and the amounts allowed upon the motion. Just what such excess was for does not appear, nor does it appear whether any objection was made to the same in the trial court. Presumptively it was for clerk's fees on the motions and the rehearing. However that may be, we are not disposed to disturb the judgment merely because the costs were increased that amount, especially as no specific objection appears to have been made thereto in the trial court.

*By the Court.*— The judgment of the circuit court is affirmed.