DE WIT, Respondent, vs. LANDER, Appellant.

*August 28 — September 18, 1888.*

*(1) Contract: Parties: Partnership: Abatement of action. (2) Illegal contract. (3) Appeal from J. P.: Judgment: Costs.*

1. A party cannot maintain an action in his own name alone upon a contract made by him for and on behalf of himself and another person as his partner.

2. Where a city ordinance prohibits any person from exercising a particular calling in the city without a license, and imposes a fine for so doing, one who has contracted with another to exercise such calling, but has obtained no license, cannot maintain an action on the contract.

3. The justice's fees paid by a party on taking an appeal from a justice's court should not be included in a judgment against him in the circuit court.

APPEAL from the Circuit Court for *Brown* County.

This action was commenced in a justice's court to recover the sum of $11 for work and labor done and performed by the plaintiff for the defendant and at his request. The defendant pleaded in abatement that the cause of action belonged jointly to the plaintiff and another as copartners. He also pleaded to the merits, (1) a general denial; and (2) a counterclaim for damages by reason of the unskilful manner in which such work was performed. The services in question were performed by the plaintiff as a night scavenger.

The issues were tried together before the justice, and the trial resulted in a judgment for the plaintiff for the amount of his claim and costs. The defendant thereupon appealed to the circuit court, and the cause was tried in that court on the return of the justice, pursuant to the statute. The circuit court reversed the judgment of the justice as to two items of costs, and affirmed it as to damages and the resi-

due of the costs. The defendant appeals from such judgment. The case is further stated in the opinion.

For the appellant the cause was submitted on the brief of *W. J. Lander.*

For the respondent there was a brief by *John C. & A. C. Neville*, and oral argument by *A. C. Neville.*

Lyon, J. 1. The undisputed evidence given before the justice proves that the contract in suit was made by the plaintiff for and on behalf of himself and one Wickles, who was his partner, and the cause of action belonged to them jointly as such partners. The issue made by the plea in abatement should therefore have been found for the defendant. This error alone is fatal to the judgment.

2. The judgment is erroneous for another reason. An ordinance of the city of Green Bay (in which city such work was performed), in force when the contract was entered into, prohibited any person from exercising the calling of a night scavenger in that city without first obtaining a license for that purpose and giving a bond therein prescribed for the performance of the provisions and conditions of such ordinance. It also provided that any person engaging in such business without such license should be subject to a fine not exceeding $50. It was proved on the trial that the plaintiff had no such license.

If, as the justice found, the contract in suit was made by the plaintiff alone, it was in violation of the ordinance, and therefore unlawful. The plaintiff being obliged to rely upon such illegal contract to maintain his action, cannot recover. No rule of law is better settled than that, if a party claiming a right to recover a debt is obliged to trace his right through an illegal contract, he cannot recover. *Melchoir v. McCarty*, 31 Wis. 252; *Walsch v. Call*, 32 Wis. 159; *Troewert v. Decker*, 51 Wis. 46; *Wells v. McGeoch*, 71 Wis. 196.

3. The circuit court rendered a judgment for the plaintiff for the amount of the justice's judgment, less the illegal items of costs, in accordance with the practice sanctioned in *Wold v. Ordway,* 68 Wis. 176. This judgment was for $30.75. It included an item of $12.26 justice's fees, which the defendant paid when he took his appeal. In any event, this item should have been deducted from the recovery in the circuit court.

For the foregoing reasons the judgment of the circuit court must be reversed, and the cause will be remanded with directions to that court to reverse the judgment of the justice.

*By the Court.*— Ordered accordingly.