CHARLES W. WILSON V. EDWARD L. PARRISH ET AL.

FILED JUNE 15, 1897.    No. 7398.

1. **Unlawful Contracts: ENFORCEMENT: PUBLIC POLICY.** Courts will refuse to enforce contracts in contravention of statute or good morals, not on account of their solicitude for the contracting parties, but from motives of self-respect.

2. **Intoxicating Liquors: UNLAWFUL SALE.** An action cannot, in this state, be maintained for the price of intoxicating liquors sold in violation of statute.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Reversed.*

*Clark & Allen*, for plaintiff in error.

*Wooley & Gibson, contra.*

POST, C. J.

This action was brought by the plaintiffs below, Root & Parrish, in the district court for Lancaster county to recover from the defendant therein, Charles W. Wilson, the sum of $3,400 on account of the alleged fraud and misrepresentation of the latter in the exchange of certain lands in Greeley county for a stock of drugs and store fixtures. Wilson, according to the allegations of the petition below, through his agent, one Zink, for the purpose of defrauding the plaintiffs therein, falsely represented the Greeley county land, to-wit, the west half of section 29, township 20, range 10 west, to be good farm land, well worth $12 per acre, of which eighty-one acres was then under cultivation; that, believing and relying upon such statements, the plaintiffs entered into a written undertaking whereby Wilson, in exchange for the stock of drugs and fixtures aforesaid, agreed to convey said land to the plaintiff, discharged from a mortgage lien thereon amounting to $1,700; that pursuant to said agreement, and relying altogether upon such representations, they accepted a conveyance of the Greeley county land and delivered possession of said stock and furniture to Wilson, who has sold and removed the same from Lancaster county. It is further specifically alleged that said statements were by Wilson known to be false and fraudulent, and that the land above described was not worth $12 per acre, but that it was, on the contrary, nearly, if not quite, worthless, and could not have been sold for exceeding $1 per acre. An answer was filed, in which, after denial of each and every allegation of fraud, it was alleged as follows: "For further and additional defense, the defendant alleges that said mentioned stock of drugs consisted almost entirely of intoxicating liquors, and that the value of all other goods in said stock, save and except intoxicating liquors, did not amount to the sum of $100. Defendant alleges that said intoxicating liquors consisted of malt, spirituous, and vinous liquors,

and that the same was sold and exchanged to this defendant by the plaintiffs in the city of Lincoln, Lancaster county, Nebraska, without having taken out a license for such sale or transfer as required by chapter 50, Compiled Statutes, entitled 'Liquors,' and such sale by the plaintiffs to the defendant was in violation of law." It appeared from the cross-examination of the plaintiffs' witnesses that said stock consisted in part of intoxicating liquors, and the defendant offered to prove by the clerk of the excise board of the city of Lincoln that no license or druggist's permit was issued to the plaintiffs for the year in question, which, upon objection of the latter, was excluded by the court, and which presents the only question requiring notice at this time.

Section 24 of chapter 50, Compiled Statutes, provides that the county board (or excise board of cities of the first class) may, under the restrictions of section 1 of said chapter, "grant permits to druggists to sell liquors for medicinal, mechanical, and chemical purposes, upon a compliance with all the provisions hereinbefore contained, and subject to all the requirements and penalties contained in this act, except that no license fee shall be required except the cost of issuing said permit." The first inquiry suggested by this statement is whether, assuming, as claimed, that the transaction involved is within the statutory prohibition, and therefore void, such fact is available as a defense to this action. It is, according to our understanding of the record, unnecessary to determine whether the cause of action pleaded is, in substance, *ex contractu*, or one sounding in tort, since the reliance of the plaintiffs is, in either case, upon the alleged illegal agreement. The courts will, as has been often said, refuse their aid in the enforcement of agreements in contravention of statute or good morals, not by reason of their solicitude for the parties, but from motives of self-respect. (*Wilde v. Wilde*, 37 Neb., 891.) "It is," as said by Ryan, C. J., in *Wight v. Rindskopf*, 43 Wis., 344, "the judicial duty always to turn a suitor upon such a contract out of court,

whenever and however the character of the contract is made to appear." The defense alleged in this case was that substantially all of the consideration for the Greeley county land was intoxicating liquors, sold and disposed of by the plaintiffs in violation of law, and the evidence rejected was admissible in support of that defense. Section 11 of the liquor law prohibits, under a severe penalty, the sale or giving away, upon any pretext whatever, of intoxicating liquors without having first obtained a license as in said act provided; and the prohibitory features of the statute are applicable to druggists. (*Warrick v. Rounds*, 17 Neb., 411.) The agreement, being one contrary to the policy and declared purpose of the law regulating the manufacture and sale of intoxicating liquors, is illegal, and its illegality is a sufficient defense to an action for its enforcement. (*Gillen v. Riley*, 27 Neb., 158; *Tredway v. Riley*, 32 Neb., 495; *De Witt v. Lander*, 72 Wis., 120.) It follows that the district court erred in excluding the evidence offered, for which the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.