KENDALL, Respondent, vs. SUMP, Appellant.

*February 11—May 12, 1931.*

For the appellant there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

For the respondent the cause was submitted on the brief of *Bogue & Sanderson* of Portage.

The following opinion was filed March 10, 1931:

WICKHEM, J. The plaintiff rented the defendant's farm on April 1, 1926, for a term of three years, on shares. He removed from the farm on April 4, 1929. In accordance with the agreement of the parties, the defendant collected the cream checks, deducting therefrom the feed bills which he had paid on behalf of the plaintiff, and divided the balance accordingly. The lease required the defendant to furnish necessary farm machinery, and obligated the plaintiff to keep this machinery in good repair.

It is undisputed that the parties settled their accounts each month except the last two. Plaintiff's sole claim is that he did not get his proper share of the cream checks for the months of February and March, 1929, and that he did not get his half share of the 11,010 pounds of rye sold at the elevator.

The sole question upon this appeal relates to the second and third causes of action. With respect to these, the jury's verdict was patently erroneous. The trial court having properly set it aside upon the motion of the plaintiff, the subsequent judgment for the plaintiff in the sum demanded by the second and third paragraphs of the complaint must rest upon the undisputed evidence.

An examination of the record discloses that there is no dispute as to plaintiff's right to the following items: $98.30 as his share of rye sold at the elevator; $11.25 for rye sold

to the defendant at the farm; a balance of $17.74 from the month of January; one half the cream check for February, amounting to $79.39; one half the cream check for March, amounting to $69.03. The total of this is $275.71. It is equally undisputed that the defendant is entitled to the following credits: $41.52, being one half of the feed bill; $8.32, butter used by the plaintiff during February; $9.18, butter used during March; $15.63, repairs paid for by defendant. The total of these offsets is $74.65. This leaves a total of $201.06 due the plaintiff.

Defendant claims a further offset of $150.08 for items which he sets up in his March account. The items are for repairs, replacements to machinery and equipment, seed, services for plowing and disking, etc. There is no proof in the record to support these as legitimate offsets. With these items in the March account, the balance due the plaintiff under defendant's bookkeeping was $6.04. In his March account defendant credited the plaintiff with one half the rye sold, amounting to $98.30; one half the cream check, amounting to $79.39; $11.25 for rye in granary, and $17.74 credit from the preceding month. He then charged plaintiff with one half the feed bill, amounting to $41.52, and with butter used, amounting to $8.32. He further charged plaintiff with $150.80 for the various items heretofore referred to. This left a balance of $6.04 due the plaintiff. There is no evidence that plaintiff ever agreed to this as a final settlement, other than the fact that he accepted, upon the defendant's insistence, a check for $6.04 and cashed it. Inasmuch as there was no dispute between the parties as to the fact that at least $6.04 was owing, there is no consideration for an accord and satisfaction, and we think there is no evidence of an account stated.

It is our conclusion that defendant has not shown himself entitled to the offset of $150.08. The balance due the plaintiff under the undisputed evidence is $201.06, and the judgment should be modified accordingly.

*By the Court.*—The judgment appealed from is modified as indicated in the opinion, and as so modified is affirmed, appellant to have costs on this appeal.

A motion for a rehearing was denied, with $25 costs, on May 12, 1931.