KARP, d/b/a CAPITOL COURT TRAVEL SERVICE, Respondent,
v. COOLVIEW OF WISCONSIN, INC., Appellant.

*September 30—October 27, 1964.*

For the appellant there was a brief by *Herbert L. Usow*, attorney, and *Robert Sanderson* of counsel, both of Milwaukee, and oral argument by *Mr. Usow*.

For the respondent there was a brief and oral argument by *Seymour Gimbel* of Milwaukee.

HALLOWS, J.   The defendant claims the trial judge made no findings of fact and conclusions of law but is under the erroneous impression that when a trial judge makes an oral decision from the bench he must also state at that time all the findings of fact on which he bases his decision.   In this case after the oral decision, the plaintiff's attorney prepared written findings of fact and conclusions of law, submitted them to counsel, and presented them to the court.   "When the trial judge signed such findings and conclusions they became the findings and the conclusions of the trial judge and the responsibility of their correctness became his."   *Kamuchey v. Trzesniewski* (1959), 8 Wis. (2d) 94, 101, 98 N. W. (2d) 403; *Galusha v. Sherman* (1900), 105 Wis. 263, 81 N. W. 495.

The court adopted the plaintiff's version of the facts that plaintiff had extended credit to the defendant for the airline tickets for officers of the corporation and others in light of a custom which had existed between the plaintiff and the defendant.   Whether the findings of the court are against the great weight and clear preponderance of the evidence depends upon whether the court was in error in allowing evidence as to the custom and in finding there was no accord and satisfaction.

The facts are in dispute.   According to the plaintiff's version Al Kaplan, the defendant's treasurer, placed reservations for 14 tickets to Florida in December of 1962.   One reserva-

tion was subsequently canceled. These tickets were for Al Kaplan, his wife and three children, for his father-in-law Al Laiken, president of the defendant, and Mrs. Laiken, Ben Braver, a nephew of Laiken, and Mrs. Braver, Howard Braver, also a nephew of Laiken, and Mrs. Braver, and Mr. and Mrs. Earl Bowling. In the testimony the Bravers and Bowling are variously referred to as employees, salesmen, or as independent contractors. Over the objection of the defendant the court admitted evidence of a course of conduct between the plaintiff and the defendant to the effect Laiken and Kaplan as officers of the defendant opened a charge account with the plaintiff in March, 1962, and thereafter on three occasions airplane tickets were ordered, sent to the corporation and paid for by the corporation. These tickets were for Laiken and Kaplan and their wives and on occasion Mr. and Mrs. Laiken, a Mr. and Mrs. Zuber, and a Mr. and Mrs. Bowling. Two of these trips were to Las Vegas, Nevada.

The tickets for the Miami trip of December, 1962, were picked up by Bowling and the company was billed $1,682.43 therefor on December 24th. Similar bills were sent the defendant on January 15, January 25, and February 23, 1963. Plaintiff claims that when the bill was not paid he talked to Mr. Kaplan who stated he took thirty to sixty days for payment. Later after the February bill was sent with a notation referring to a sixty-day time payment request, a request was made that the company be billed only for Kaplan's and Laiken's tickets and the bills were to be sent to the individuals for their tickets. The defendant paid the bill for the Laiken and Kaplan tickets. This suit involves the payment for the other six tickets.

The defendant's testimony showed the individuals ordered their own tickets and there was no express promise on the part of the defendant to pay for any of the tickets, that such payments as the corporation had made in the past for air-

plane tickets were charged back to the officers or in the case of Bowling to his earned commissions. We cannot say the findings are against the great weight and clear preponderance of the evidence if the evidence of the individual custom existing between the defendant and the plaintiff is considered.

The plaintiff contends this evidence was properly admissible and tends to show what the contract between the parties was and that he had a right to rely upon his past credit business with the defendant in this instance. The fact of the custom is not denied by the defendant, only its admissibility is challenged. In a breach-of-contract action a local custom or usage or an individual course of dealing between two parties may be proven as having probative value to show the intention of the parties to a contract or on what the parties had a right to depend in their dealing. 4 Jones, Evidence (5th ed.), p. 1932, rules 49 and 50; also see *Rylander v. Laursen* (1905), 124 Wis. 2, 102 N. W. 341. Here, the plaintiff at the defendant's request had on three prior occasions extended credit to the defendant under similar circumstances and had been paid for the airplane tickets by the corporation. How the defendant charged back the tickets to its officers is no part of the custom in respect to the plaintiff as he had no knowledge of the charge backs. We find no error in the court's admitting the evidence of the prior course of conduct between the parties.

The defendant claims there is an accord and satisfaction when it paid for the Kaplan and Laiken tickets. The check referred to the seven tickets and was marked "paid in full" but such action does not amount to an accord and satisfaction of the plaintiff's claim. An accord and satisfaction is contractual in nature and one essential element is the acceptance of a payment as full satisfaction for a disputed and unliquidated amount. *Olson v. Northwestern Furniture Co.* (1959), 6 Wis. (2d) 178, 94 N. W. (2d) 179; *Lange v. Darling & Co.* (1940), 233 Wis. 520, 290 N. W. 188; 1 Am. Jur.

(2d), Accord and Satisfaction, p. 301, sec. 1. The record discloses no unliquidated claim or any agreement to accept payment for seven tickets from the defendant in full satisfaction of 13 tickets. The most that can be said for the evidence is the defendant paid for the Laiken and Kaplan tickets in full and refused to pay for the other six tickets.

The defendant also claims it is not liable because the promise to pay the debt or obligation of a third party must be in writing otherwise it is barred by the statute of frauds. Sec. 241.02, Stats. The difficulty with this argument is it is based upon a view of the facts not found by the court. The plaintiff does not claim the defendant promised to answer for the obligation of a third party but promised to pay its own primary obligation to the plaintiff. See *Mann v. Erie Mfg. Co.* (1963), 19 Wis. (2d) 455, 120 N. W. (2d) 711. The defendant's argument that independent contractors cannot bind the defendant is likewise beside the point as the court found the tickets were purchased on behalf of the corporation by one of its officers within the scope of a prior course of dealings which legitimately gave the plaintiff a right to depend upon the obligation and credit of the defendant.

The defendant contends the complaint should have been dismissed on its motion because the evidence showed the plaintiff and his wife operated as a partnership and Harry Karp was suing as a sole trader. The plaintiff contends the answer admits the allegations in the complaint and therefore the issue could not be subsequently raised. The complaint alleges the plaintiff Harry Karp was engaged in the travel service business but not that he did business as the Capitol Court Travel Service. However, this is immaterial because although sec. 263.12, Stats., provides for a waiver to objections to the complaint if not interposed by demurrer or answer it would not apply if Mrs. Karp was an indispensable party. The partners of a partnership are not only necessary but indispensable parties to the assertion of a partnership

cause of action, *De Wit v. Lander* (1888), 72 Wis. 120, 39 N. W. 349, and therefore the question of the nonjoinder of Mrs. Karp might be raised at any time during the proceeding while the court retains jurisdiction, *McDougald v. New Richmond R. M. Co.* (1905), 125 Wis. 121, 103 N. W. 244.

Upon the trial Harry Karp testified his wife was his partner, that "it is not legal" but that they made out joint income tax returns and split the profits from the business. In their joint income-tax return each attached a separate schedule C entitled profit or loss from business. No salary was scheduled for Mrs. Karp but her schedule showed she received $5,000 in 1962 from the partnership. This evidence constituted *prima facie* proof of a partnership under sec. 123.04 (4), Stats.

However, it does not follow that the complaint should have been dismissed. The court should have made a determination and if it found a partnership existed should have ordered Mrs. Karp made a party plaintiff as a partner. This issue was not completely tried by the trial court.

It is the opinion of this court the judgment should be set aside and the matter remanded for further proceedings to determine whether Harry Karp is a sole trader or whether Harry Karp and his wife are partners in the travel service business operating under the name of Capitol Court Travel Service. If it is determined Harry Karp is a sole trader the judgment should be reinstated; if it is determined Harry Karp and his wife are partners doing business as Capitol Court Travel Service, the trial court shall order Mrs. Karp be brought in and the pleadings so amended and shall give her the option of accepting the judgment in favor of the partnership.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings not inconsistent with this opinion; the appellant to recover costs on this appeal.