OPINION OF THE COURT
Frederic E. Hammer, J.
This is a motion by plaintiff to dismiss defendants’ affirmative defense of accord and satisfaction.
In January, 1979, defendants ordered certain aluminum foil from plaintiff. The agreed price was $22,062.45. Delivery was made in June, 1979, and defendants sent the sum of $5,000 to plaintiff on account. Thereafter, a dispute arose between the parties over the condition of the foil and the price. On October *442 24, 1979 defendants sent a check to plaintiff in the amount of $6,093.06 along with a letter stating that the check represented payment in full after provision for a setoff for the damaged condition of the merchandise. On the back of the check was typed: "Endorsement of this check by payee shall constitute a full accord and satisfaction of payee’s invoice no. 2767 to maker hereof.” Plaintiff responded with a letter dated November 1, 1979 advising defendants that it had not agreed to accept any amount less than the balance due, and that plaintiff was depositing the check as a partial payment of $6,093.06 under protest and specifically reserving any and all rights to collection of the balance due. After striking defendants’ notation, plaintiff deposited the check with its own notation typewritten on the back stating: "Accepted in partial payment of invoice no. 2767 under protest and without prejudice to any and all rights to collect the balance due of $10,969.39, plus interest.”
Thereafter, plaintiff instituted suit for the balance. Defendants’ answer contains an affirmative defense alleging the check dated October 24, 1979, in the amount of $6,093.06, constituted a full accord and satisfaction.
The transaction between plaintiff and defendant is covered by the Uniform Commercial Code. Section 1-207 of the Uniform Commercial Code states: "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice’, 'under protest’ or the like are sufficient.”
Under the New York Annotations (McKinney’s Cons Laws of NY, Book 62 Uniform Commercial Code, § 1-207, p 65) it is stated: "This section permits a party involved in a Code-covered transaction to accept whatever he can get by way of payment, performance, etc., without losing his rights to demand the remainder of the goods, to set-off a failure of quality, or to sue for the balance of the payment, so long as he explicitly reserves his rights.”
A further explanation of section 1-207 is made in Anderson, Uniform Commercial Code (2d ed, vol 1, § 1-207:4, p 186):
"The Code provides that a party may expressly preserve his rights and protect them against the danger of loss by waiver or estoppel if he makes an explicit reservation of such right.
"Any form of expression indicating an intention to preserve *443 rights is sufficient, such as 'without prejudice’, 'under reservation’ or 'with reservation of all our rights’.
"The Code states an 'explicit’ reservation must be made. 'Explicit’ undoubtedly is used in place of 'express’ to indicate that the reservation must not only be 'express’ but it must also be 'clear’ that such a reservation was intended.
"The Code does not impose any requirement as to the form of the reservation, other than it be explicit.”
In researching the reservations contemplated by section 1-207 of the Uniform Commercial Code, the court finds a paucity of New York cases on the subject. However, the Supreme Court of South Dakota (that State’s highest court) has ruled on section 1-207 of the Uniform Commercial Code in a case very similar to the one before this court. (Scholl v Tallman, — SD —, 247 NW2d 490.) Defendant therein sent a check to plaintiff with the following statement typed on the back: "Wesley Scholl Settlement in Full for all Labor and Materials to Date”. (Scholl v Tallman — SD, at p —.) Plaintiff cashed the check, but not before he had scratched out the typing on the back and written (p —): "Restriction of payment in full refused. $1,826.65 remains due and payable.”
South Dakota’s statute, section 57-1-23 of the South Dakota Compiled Laws is an exact duplicate of section 1-207 of the Uniform Commercial Code. The court, in holding that there was no accord and satisfaction, stated (p —): "We hold that plaintiff’s conditional endorsement in this instance constitutes an explicit reservation of rights under SDCL 57-1-23”.
Defendants herein contend that the common-law rule of accord and satisfaction has not been changed by section 1-207 of the Uniform Commercial Code, and rely upon the case of Hudson v Yonkers Fruit Co. (258 NY 168) decided in 1932. This case was decided long before the enactment of the Uniform Commercial Code, and is inapplicable to the case before the court.
There are two recent New York decisions dealing with section 1-207. In Lange-Finn Constr. Co. v Albany Steel & Iron Supply Co. (94 Misc 2d 15, 18), the court stated: "It is the court’s view that the common-law rule has been changed by section 1-207 of the Uniform Commercial Code. When a party indorses a final payment check 'without prejudice and under protest’ he reserves the right to demand the balance alleged to be due, and the negotiation of the check does not effect an accord and satisfaction.”
*444 In Ayer v Sky Club (70 AD2d 863, 864), the Appellate Division, First Department, held that: "Defendant’s reservation of its rights via letter that it was accepting the check only in partial satisfaction prevented an accord and satisfaction”.
Only two of the cases cited by defendants in support of accord and satisfaction were decided after the effective date of the Uniform Commercial Code. In both of these cases (Welbourne & Purdy v Mahon, 54 AD2d 1046; Consolidated Edison Co. of N. Y. v Arroll, 66 Misc 2d 816), there was no specific reservation of rights by the plaintiffs and neither court considered section 1-207 of the Uniform Commercial Code.
In the case before the court, the reservation of rights made by plaintiff was unequivocal, explicit and unambiguous. Plaintiff not only cited its reservation of rights on the back of the check, but further informed defendants of said reservation by letter immediately thereafter. The reservation herein is more than adequate to satisfy the intent of section 1-207 of the Uniform Commercial Code.
Accordingly, the court finds that accord and satisfaction was not effected, and the motion to strike the affirmative defense is granted.