Joseph A. Suozzi, J.
Motion for summary judgment dismissing the complaint in an action (1) to reform a contract of sale, and (2) for specific performance of the contract as reformed.
A written contract for the purchase and sale of real property was entered into by the parties on or about May 23, 1960. The contract provided that the closing was to be “ on June 10, 1960, or sooner ’ ’. The plaintiff was not ready, willing or able to close title on June 10. On June 17,1960, the attorney for the defendants advised plaintiff’s attorney that the defendants regarded the contract as cancelled. On June 20, 1960 the defendants returned the down payment ($2,250) by check bearing the legend “Refund of deposit on property on Merrick Road, Bellmore, New York, under contract dated 5/23/60 & cancelled.” The plaintiff retained and deposited the check, although striking out the legend and subsequently writing (July 8, 1960) that the deposit was made without prejudice.
The papers submitted reveal no facts warranting a reformation of the contract. Here, the plaintiff contends that it was his understanding the closing would be held 45 days after the contract was signed. Not only would such time for the closing be inconsistent with the written agreement, but it does not appear that the defendants agreed to a closing other than as provided in the written agreement. As stated by the Court of Appeals in Ross v. Food Specialties (6 N Y 2d 336, 341): “ We have consistently and repeatedly held that before reformation can be granted the plaintiff ‘ must establish his right to such relief by clear, positive and convincing evidence. Reformation may not be granted upon a probability nor even upon a mere preponderance of evidence, but only upon a certainty of error ’ nor may the plaintiff ‘ secure reformation merely upon a showing that he or his attorney made a mistake. In the absence of fraud, the mistake shown ‘ must be one made by both parties to the agreement so that the intentions of neither are expressed in it ’ ”.
The papers also reveal that time was of the essence by the inclusion of the words “ or sooner ” after the date specified in the agreement. Therefore, the defendants had the right to *806 consider the plaintiff breached the contract by not being prepared to close on or before June 10.
Moreover, if there be any doubt that time was of the essence, the retention and deposit of the check was an act consenting to the condition under which the check was delivered, i.e., in cancellation of the contract. The plaintiff was owed no money by the defendants at the time" he received the check. Therefore, when he cashed or deposited the check he agreed to the condition under which it was delivered. As the late Chief Judge Cardozo wrote in Hudson v. Yonkers Fruit Co. (258 N. Y. 168, 171) ‘ ‘ What is said is overridden by what is done, and assent is imputed as an inference of law ”. Accordingly, since it appears that time was of the essence and the plaintiff agreed to a cancellation of the contract, the motion is granted.