■ ROBERT A. GIMBY, Respondent, v JOHN A. FROST et al., Appellants. — In an action, *inter alia,* for specific performance of a contract to sell real estate, defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated March 9, 1981, which denied, without prejudice to renewal, defendants' motions for summary judgment. Order modified, on the law, by deleting the provision denying the motion of defendants Frost and substituting a provision granting their motion and dismissing the complaint as against them. As so modified, order affirmed, without costs or disbursements. The pertinent facts are not in dispute. Plaintiff contracted to buy certain real property owned by the Frosts. When plaintiff could not get the required mortgage commitment, the Frosts sent plaintiff a written offer to take back a purchase-money mortgage on the property. Plaintiff orally accepted this offer, but a closing date was not specified. When plaintiff was unable to close by the date the Frosts requested, the Frosts notified plaintiff that they considered him to be in breach of contract. The Frosts' attorney then sent plaintiff's attorney a check in the amount of plaintiff's down payment and enclosed a letter which unequivocally stated that acceptance of the payment

would act as a cancellation of the contract between the parties and release of all obligations existing thereunder. Subsequently, plaintiff received another check for the amount of interest earned on his down payment. Plaintiff deposited each of the checks with the following indorsement: "Without prejudice to and reserving any and all rights accruing to and vested in payee by reason of breach of contract of sale dated December 12, 1979". Before the checks were deposited, the Frosts sold the property in question to defendants Corsa. Plaintiff commenced the instant suit seeking, *inter alia,* specific performance of the contract. Damages were sought against the Corsas on the ground that the latter had tortiously interfered with the original contract of sale. Defendants Frost and Corsa separately moved for summary judgment on the ground that there was an accord and satisfaction of the dispute when plaintiff accepted the checks. We agree with the defendants Frost that summary judgment in their favor should have been granted. The negotiation of the checks constituted an accord and satisfaction under the common law, and the words "without prejudice" were of no lawful effect (see *Nassoiy v Tomlinson,* 148 NY 326; *Broido v Busick,* 33 Misc 2d 804; *Blottner, Derrico, Weiss & Hoffman v Fier,* 101 Misc 2d 371; cf. Uniform Commercial Code, § 1-207; *Braun v C.E.P.C. Distrs.,* 77 AD2d 358). We note that there was no accord and satisfaction as to the Corsas. Upon the facts presented on the instant record, we are unable to determine, with certainty, whether a viable cause of action exists against the Corsas. Accordingly, we agree with Special Term that the Corsas' motion for summary judgment should be denied, with leave to renew after depositions are completed. Lazer, J. P., Rabin, Cohalan and Bracken, JJ., concur.