■ MERRILL LYNCH REALTY/CARLL BURR, INC., Plaintiff, v STANLEY J. SKINNER et al., Defendants. (Action No. 1.) GEORGE J. ROUKIS et al., Respondents, v STANLEY J. SKINNER et al., Appellants. (Action No. 2.) — In an action (action No. 2), *inter alia*, for specific performance of a contract to sell realty, defendants appeal from an order of the Supreme Court, Suffolk County (Christ, J.), dated July 8, 1983, which denied their motion for summary judgment dismissing the complaint of plaintiffs George J. Roukis and Majorie A. Roukis. ¶ Order reversed, on the law, with costs, and motion granted. ¶ On April 1, 1981, plaintiffs in action No. 2, George J. and Majorie A. Roukis entered into a written contract for the purchase of the defendants' home in Halesite, New York, and tendered $8,000 to the defendants as the down payment thereon. Insofar as is here pertinent, that contract provided that the purchasers shall have 60 days within which to obtain "final bank approval" and FHA "commitment approval" on their mortgage application, and that unless the sellers' attorney is notified in writing "that the aforesaid approvals have been obtained within the dates set forth herein, irrespective of whether said approval and/or commitments shall have actually been obtained, the Seller[s] shall have the option of cancelling this contract and upon return to the purchaser of the down payment said [*sic*] hereunder, both parties shall be released from any further liability to the other". ¶ On June 2, 1981, when no such notification had been received, the sellers' attorney wrote a letter to the buyers' attorney purporting to cancel the contract in accordance with the afore-mentioned provision, and enclosed therein an $8,000 check, representing the return of the purchasers' down payment. As was thereafter indicated at the examination before trial of plaintiff George J. Roukis, that check was ultimately delivered to the plaintiffs and, after discussions with their then-attorney, was deposited into the Roukis' personal account. ¶ Following the joinder of issue in this action, and prior to the examination before trial of Mr. Roukis, the defendants made a motion for summary judgment which was denied by Justice McInerney on January 4, 1982. As a result of the revelations regarding the refund check, however, a second motion for summary judgment was made, in which it was alleged, *inter alia*, that plaintiffs' negotiation of the check had affected a cancellation of the agreement as a matter of law. Special Term denied this motion on the ground that the prior determination by Justice McInerney constituted "law of the case", and this appeal followed. ¶ We reverse. ¶ The prior determination of Justice McInerney predicated on different evidence did not preclude consideration of the merits of the instant motion by Special Term. As Professor Siegel has noted in his authoritative work on New York practice "[t]he denial of a motion for summary judgment establishes nothing except that summary judgment is not warranted at this time" (Siegel, NY Prac, p 342). Moreover, we agree with the defendants that, under the circumstances here present, plaintiffs' negotiation of the check, especially after consultation with their attorney, constituted a bar to this action under the common-law principle of accord and satisfaction (*Gimby v Frost*, 84 AD2d 806; see *Broido v Busick*, 33 Misc 2d 804). Accordingly, the defendants are entitled to summary judgment dismissing the Roukis' complaint. Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.