PECKHAM INDUSTRIES, INC., Respondent, v A. F. LEHMANN, Doing Business as LEHMANN CONSTRUCTION CO., Appellant, et al., Defendants.

Third Department, October 30, 1975

*Daniel J. Smitas* for appellant.

*Alex Wiltse* for respondent.

GREENBLOTT, J. P. Defendant, a contractor, purchased materials and rented equipment from plaintiff. Defendant sent plaintiff a check in the amount of $3,463.07 on November 14, 1969. The face of the check was broken down to show specific payments for various items and it contained a statement "Paid in Full". Up to that point, defendant had received a bill for the material, but had not been billed for the equipment, since these items had been provided to defendant by different subsidiaries of the plaintiff, and plaintiff's office manager testified that different billing procedures were involved. Defendant's check thus included the amount which it believed to be due to plaintiff for rental of the equipment. The reverse side of the check also contained a notation "Paid in full for Wittenburg State project on this date 11-14-69". An accounts receivable clerk indorsed the check and deposited it, contrary to office policy, according to the testimony of plaintiff's office manager, and the check was marked paid on the 18th of November. The office manager discovered what had occurred on the 20th of November and immediately called plaintiff's

bank and had the check returned. The record reveals that both plaintiff's and defendant's accounts at their respective banks were adjusted sometime around November 21 to reflect the fact that defendant's check had not been debited against his account and credited to the account of plaintiff. On December 1, plaintiff returned the check to defendant with a letter refusing to accept the sum tendered as payment in full. Plaintiff contends that it was owed $4,027.10 by defendant.

The jury rendered a special verdict and answered in the negative the question whether defendant did offer and plaintiff did knowingly accept the sum of $3,463.07 in full satisfaction of an amount owed by defendant to plaintiff and honestly disputed. Defendant contends on this appeal that plaintiff's indorsement and depositing of the check constituted an accord and satisfaction as a matter of law, and cites many cases in which it was held that acceptance of payment of a lesser sum under circumstances where the creditor was advised that the defendant considered the payment to be in full satisfaction of any amount owed constitutes an accord and satisfaction of the debit. The cases relied on, however, are distinguishable, for in all of them there is the element of acceptance and retention of the payment with only a protest of the condition that it be in full payment, rather than return thereof. (See, e.g., *Carlton Credit Corp. v Atlantic Refinery Co.,* 12 AD2d 613, affd 10 NY2d 723; *Bliss v Greyvan Lines,* 247 App Div 921.) It is of course true that a creditor cannot accept and retain a lesser payment while ignoring the conditions under which such payment is made. In the instant case, however, it is clear that very shortly after receipt and deposit of the check, as soon as plaintiff's manager discovered what had occurred, he took steps to see to it that the payment was not deposited to plaintiff's account, but instead immediately returned the payment to defendant with a rejection of the condition sought to be imposed. There had initially been an acceptance of payment by the employee of plaintiff, but the jury's verdict in effect constitutes a finding that plaintiff promptly and effectively repudiated the acts of its agent and did not have any beneficial use of defendant's funds. The payment having been returned to the defendant, and no beneficial use having been knowingly made of it by plaintiff, no accord and satisfaction was achieved. (See *Anderson v Wood, Dolson Co.,* 212 App Div 483.)

The judgment should be affirmed, with costs.

KANE, KOREMAN and REYNOLDS, JJ., concur; LARKIN, J., not taking part.

Judgment affirmed, with costs.