*16 OPINION OF THE COURT
Harold J. Hughes, J.
This is a motion by plaintiff for summary judgment on its cause of action for conversion and for summary judgment dismissing the defendant’s counterclaims.
Plaintiff was the general contractor on a project known as the "Port of Albany Restoration — POA 75-1”. Plaintiff subcontracted a portion of the work to defendant and, pursuant to that subcontract, defendant was to provide certain steel and steel products to be used on the job. During the course of construction a dispute arose between plaintiff and defendant regarding certain allegedly defective materials provided by defendant.
Upon the completion of the work, plaintiff delivered to defendant a check in the amount of $10,285.39 inscribed with the words "Final Payment POA 75-1”, together with a statement indicating the computation of the amount tendered. Defendant claimed that the total sum due was $12,871.97 rather than $10,285.39. The difference of $2,586.58 was a backcharge made by plaintiff for additional expenses plaintiff incurred by reason of allegedly defective materials provided by defendants.
In an effort to compromise the dispute plaintiff sent a second check payable to defendant in the sum of $10,986.34. On this check was inscribed the notation "Final Payment Port of Albany, Shed No. 1 POA 75-1, balance $12,887.92 less roofing backcharges $1,901.58 — $10,986.34.” In the covering letter which accompanied this check, plaintiff wrote:
"Because we feel there is some doubt on a portion of the bill, we are issuing a new check in the amount of $10,986.34. However, we must insist that Albany Steel & Iron Supply Company pay the roofer’s backcharges on the West Canopy roofing, flashing and siding work as it was their mistake, courts or whatever.
"If this is acceptable, please return our check #15568, dated June 13, 1977, payable to Albany Steel & Iron Supply Co., Inc., in the amount of $10,285.39.”
Defendant did not return either check but instead caused both checks to be certified. The total sum of $21,271.73 was removed from plaintiff’s account at the Bankers Trüst Company. Plaintiff, through its attorneys, made several demands for the return of the first check and defendant initially *17 refused to comply with these demands. However, on March 2, 1978, following service of the motion papers for summary judgment, defendant returned the first check. The second check in the sum of $10,986.34 was deposited by defendant with the indorsement "without prejudice and under protest”.
Plaintiffs first contention is that defendant’s failure to return the first check to plaintiff constituted a conversion as a matter of law, and that it is entitled to recover interest on $10,285.39 from July 26, 1977, the date of conversion, until March 2, 1978, the date the check was returned. The court agrees. Upon the undisputed facts, the most defendant claimed it was entitled to was $12,871.97, and yet, by its actions, it deprived plaintiff of over $21,000 for a period in excess of seven months. When defendant had plaintiffs bank certify the check in the amount of $10,285.39, the effect was the same as obtaining cash in the amount of the check, and funds representing the amount of the check were effectively withdrawn from plaintiffs control[1] (see 5A NY Jur, Banks and Trust Companies, § 402). The court finds that when it received and obtained a certification of the second check, defendant was obliged to return plaintiffs first check and its failure to do so constituted a conversion (see 10 NY Jur, Conversion, §§ 1, 17). Plaintiff is entitled to interest as a matter of right on $10,285.39 from July 26, 1977 to March 2, 1978 (see Hillsley v State Bank of Albany, 24 AD2d 28, 31).
Plaintiffs second contention is that the defendant’s certification of the second check in the amount of $10,986.34 constituted acceptance of the check, resulting in an accord and satisfaction as a matter of law. It, therefore, seeks to dismiss defendant’s counterclaims which seek to recover back charges deducted by plaintiff. Plaintiff is correct in its contention that ordinarily where a check is tendered as payment in full for a disputed amount and the payee accepts the check, an accord and satisfaction results (see, e.g., Buffalo Elec. Co. v State of New York, 14 NY2d 453; Peckham Inds. v Lehmann, 49 AD2d 172).
However, it does not appear that in these cases or in the other cases relied upon by the plaintiff that the courts considered the applicability of section 1-207 of the Uniform Commercial Code, which provides: "A party who with explicit reserva *18 tion of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice’, under protest’ or the like are sufficient.” In the text under "New York Annotations” following this section (McKinney’s Cons Laws of NY, Book 62 1/2, Uniform Commercial Code, § 1-207, p 65), it is stated: "This section permits a party involved in a Code-covered transaction to accept whatever he can get by way of payment, performance, etc., without losing his rights to demand the remainder of the goods, to set off a failure of quality, or to sue for the balance of the payment, so long as he explicitly reserves his rights.”
Following a discussion of the pre-code cases, the text goes on to state, "The Code rule would permit, in Code-covered transactions, the acceptance of a part performance or payment tendered in full settlement without requiring the acceptor to gamble with his legal right to demand the balance of the performance or payment.”
Neither party has cited any authority applying this statute. While the court has been unable to find any reported New York case construing section 1-207, it has located one case in a sister State which applied the statute in a manner consistent with the interpretation set forth above (Baillie Lbr. Co. v Kincaid Carolina Corp., 4 NC App 342; and see Hawkland, The Effect of U.C.C., § 1-207 on the Doctrine of Accord and Satisfaction by Conditional Check, 74 Comm LJ 329).
It is the court’s view that the common-law rule has been changed by section 1-207 of the Uniform Commercial Code. When a party indorses a final payment check "without prejudice and under protest” he reserves the right to demand the balance alleged to be due, and the negotiation of the check does not effect an accord and satisfaction. If the defendant in the present case had merely negotiated the check, while reserving its rights, it is clear that no accord and satisfaction would have occurred.
However, it is undisputed that prior to negotiating the check, the defendant caused it to be certified on July 26, 1977. Subsequent to the certification of the check, defendant, according to the affidavit of defendant’s secretary, made numerous phone calls to plaintiff in order to resolve the dispute. On August 22, 1977 defendant’s attorney wrote plaintiffs attorney and stated defendant’s position that it was entitled to the *19 entire balance and asked for a meeting to discuss the matter. From this record, the court finds that defendant caused the second check to be certified on July 26, 1977 and thereafter advised plaintiff that it was still asserting its claim for the entire $12,887.97. Defendant made no reservation of its rights at the time it caused the check to be certified and, thus, section 1-207 of the Uniform Commercial Code is inapplicable.
Where a check is tendered as payment in full for a disputed amount and the payee causes the check to be certified, an accord and satisfaction results because certification is equivalent to acceptance by the payee (see, e.g., St. Regis Paper Co. v Tonawanda Bd. & Paper Co., 107 App Div 90, affd 186 NY 563; International Fireproof Door Co. v Acme Bldrs., 69 Misc 2d 299). The court concludes, therefore, that there was an accord and satisfaction on July 26, 1977. Accordingly, plaintiffs motion for summary judgment dismissing defendant’s counterclaims must be granted.[2]
Plaintiffs motion for summary judgment shall be granted and it shall be awarded interest on $10,285.39 from July 26, 1977 to March 2, 1978 and defendant’s counterclaims shall be dismissed, without costs.

. Plaintiff does not contend that defendant’s act of obtaining certification of this check constituted an accord and satisfaction, and the court need not consider this question, in view of plaintiffs acceptance of the return of this check.

. From the documentary evidence, the court finds that defendant’s second counterclaim is duplicative of its first.