FREDERICK B. AYER, Appellant-Respondent, v SKY CLUB, INC., Respondent-Appellant.—Order, Supreme Court, New York County, entered September 12, 1979, which granted plaintiff's motion for summary judgment to the extent of dismissing defendant's counterclaim for the balance due and which granted defendant's cross motion for summary judgment and dismissed plaintiff's complaint for, inter alia, reinstatement, modified, on the law, to the extent of reversing the grant of plaintiff's motion for summary judgment dismissing defendant's counterclaim, plaintiff's motion for sum-

mary judgment is denied and the grant to plaintiff of costs and disbursements is vacated, and, as so modified, affirmed, without costs and disbursements. At the outset, it is noted that in moving for summary judgment relief pursuant to CPLR 3212, the parties did not submit a copy of the pleadings and it appears the pleadings have not as yet been filed with the clerk of the Supreme Court. Ordinarily, this would mandate denial of summary judgment relief as CPLR 3212 (subd [b]) provides that a motion for summary judgment shall be supported by a copy of the pleadings. Further, we have held that the pleadings are a requisite part of the record of a CPLR 3212 motion and omission of same mandates denial of summary judgment relief (Krasner v Transcontinental Equities, 64 AD2d 551). However, pursuant to stipulation "so ordered" by a Justice of this court, the parties have been permitted to file a supplemental record on appeal containing a copy of the pleadings. We therefore consider the merits of the motion and cross motion for summary judgment. Defendant on this record was entitled to expel plaintiff, regardless of whether there was an accord and satisfaction regarding the billing for the party given by plaintiff at defendant's premises. The only difference between our view of the record and that of our dissenting brother and the court below is the propriety of the dismissal of defendant's counterclaim for the balance due on that billing on the ground that an accord and satisfaction occurred. We perceive the transaction underlying the billing dispute between the parties to be one in which, while occurring in an area to which the statute (Uniform Commercial Code) might not expressly apply, nevertheless, the rule of the statute should be applied (see 62 NY Jur, Uniform Commercial Code, § 12). Pursuant to section 1-207 of the Uniform Commercial Code, "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient." As the New York Annotations of the Official Comment (McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code, § 1-207, p 65) state: "This section permits a party * * * to accept whatever he can get by way of payment, performance, etc., without losing his rights to * * * sue for the balance of the payment, so long as he explicitly reserves his rights." Defendant's reservation of its rights via letter that it was accepting the check only in partial satisfaction prevented an accord and satisfaction (cf. Lange-Finn Constr. Co. v Albany Steel & Iron Supply Co., 94 Misc 2d 15). Concur—Birns, Sullivan, Lupiano and Ross, JJ.

Kupferman, J. P., dissents in part and would affirm on the opinion of Klein, J., at Special Term.