OPINION OF THE COURT
Charles H. Cohen, J.
This is an action by plaintiff against defendants to recover for legal services rendered by plaintiff to a third party which *372 the defendant, Supercity Meats, Inc., agreed to pay. Defendants have interposed an affirmative defense alleging that "plaintiff accepted a check which had been previously tendered in full settlement of all obligations owed to plaintiff by the defendants and such acceptance created and constituted an accord and satisfaction between the parties.”
Defendants have brought this motion for summary judgment based upon such affirmative defense. Plaintiff’s opposition to this motion is based upon a claim that there was no bona fide dispute and therefore the acceptance of the check did not constitute an accord and satisfaction.
The basic facts are not in dispute. The defendant, Supercity Meats, Inc., in a letter addressed to it dated August 2, 1978, agreed "to pay for reasonable counsel fees incurred after the date hereof, provided that the amount of all such fees has been approved in advance by you. I will consult with you before directing my counsel to take any further action in the matter.” Plaintiff was the counsel referred to in that letter and performed certain legal services.
Plaintiff then submitted a bill in the amount of $1,868.40. Thereafter, following a telephone conversation between plaintiff and defendants’ attorney in which the latter stated that his clients desired an itemized statement indicating the hours expended on the services performed, plaintiff submitted such an itemized statement and bill in the amount of $2,043.40.
Shortly thereafter, defendant sent plaintiff a check in the amount of $1,250 together with a letter dated January 10, 1978, the body of which reads as follows: "We are in receipt of your statements dated October 25, 1978 addressed to Mr. George Gabe as updated on November 7, 1978. We have reviewed the statements and consider them to be excessive. However, we are tendering our check in the amount of $1,250.00 to you. If accepted, this check shall be considered to be full payment of all obligations for services rendered by you and disbursements incurred by you for George Gabe, Super City Meats, Inc., or Sol Fier.”
After a further conversation between plaintiff and defendants’ attorney, the plaintiff, deposited the check in the amount of $1,250.
Plaintiff takes the position that defendants did not specifically indicate the basis upon which they regarded the bill as excessive and argues that there is at least a question of fact as to whether there was a bona fide dispute.
*373 The applicable law is clear. It is well settled that where an amount due is in dispute, and the debtor sends a check for less than the amount claimed, and clearly expresses his intention that the check has been sent as payment in full, and not on account or in part payment, the cashing or retention of the check by the creditor is deemed an acceptance of the conditions stated and operates as an accord and satisfaction of the claim. (Fuller v Kemp, 138 NY 231; Nassoiy v Tomlinson, 148 NY 326; Schuttinger v Woodruff, 259 NY 212; Carlton Credit Corp. v Atlantic Refining Co., 12 AD2d 613, affd 10 NY2d 723.)
The question presented here is whether under the facts, even as alleged by the plaintiff, there is a triable issue of fact as to whether there was a bona fide dispute. Plaintiff asserts that it was orally agreed that plaintiff’s services were to be billed at the rate of $100 per hour and since defendants, upon receipt of plaintiff’s bill, did not specifically question the number of hours expended by them on the matter in question, there was no bona fide dispute.
Even assuming there was an agreement with respect to this rate — although the letter dated August 2, 1978 does not make reference to any rate but refers to "reasonable” counsel fees, and defendants’ attorney says he has no recollection of any agreed rate — there may still be a bona fide dispute even if defendants did not specifically state that they questioned the number of hours expended. There could very well be a question concerning the necessity of any claimed legal services rendered. Indeed, in plaintiff’s affidavit in opposition, it is stated that "defendants agreed to be responsible for the reasonable value of any legal services necessarily rendered”. Defendants’ attorney, who communicated with plaintiff on defendants’ behalf after defendants had received the bill, made it very clear that defendants were disputing the amount of this unliquidated claim even if, as plaintiff states, defendants’ attorney "did not advance to me any real grounds” upon which the bill was disputed. It was sufficient if defendants’ attorney stated that the bill was excessive. The bill was based upon legal services rendered which, from its very nature, was clearly unliquidated. Even accepting plaintiff’s version of the conversation with defendants’ attorney — omitting, however, plaintiff’s conclusion that defendants were not "honestly” disputing the amount of the bill — there was a bona fide dispute of an unliquidated claim as a matter of law.
*374 Therefore, upon the check being accepted, there was an accord and satisfaction. As stated in Hirsch v Berger Import & Mfg. Corp. (67 AD2d 30, 35), "where a check is offered in settlement of an unliquidated or disputed claim, the law permits but two alternatives, either reject, or accept in accordance with the condition.” (See, also, Nassoiy v Tomlinson, 148 NY 326, 330, supra; Landers v State of New York, 56 AD2d 105, 108, affd 43 NY2d 784.)
Plaintiff makes the further point that when it deposited the check in the amount of $1,250, it wrote a letter to defendants stating that it regarded the statements in the letter of January 10, 1979, to be "of no binding effect upon us”, and seeks to preclude the making of an accord and satisfaction by resting on section 1-207 of the Uniform Commercial Code which reads as follows: "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice’, 'under protest’ or the like are sufficient.” (See Lange-Finn Constr. Co. v Albany Steel & Iron Supply Co., 94 Misc 2d 15.)
The Uniform Commercial Code, however, is not applicable to the rendition of services. (Schenectady Steel Co. v Trimpoli Gen. Constr. Co., 43 AD2d 234, affd 34 NY2d 939; Joseph P. Suchy, Inc. v Stuerzel, 82 Misc 2d 40.) Accordingly, it has no application in this case which involves the rendition of legal services.
While this statute may even give guidance to the court in a situation where its application is not clear (cf. Ayer v Sky Club, 70 AD2d 863), it cannot, in an area where it clearly does not apply, be the basis for the overturning of the long and well-settled rule that the acceptance of a check in full payment of a disputed claim operates as an accord and satisfaction of the claim.
Defendants’ motion for summary judgment is granted.