LES BRAUN, Doing Business as BRAUN EQUIPMENT CO.,
Plaintiff, v C.E.P.C. DISTRIBUTORS, INC., Previously
Known as ELAINE PRODUCTS CO., INC., Defendant.

First Department, December 2, 1980

### APPEARANCES OF COUNSEL

*Frank T. Simeone* of counsel *(Kornfield, Rew, Newman & Ellsworth,* attorneys), for plaintiff.

*Howard L. Sherman* of counsel *(Winston & Sherman, P.C.,* attorneys), for defendant.

### OPINION OF THE COURT

BLOOM, J.

This case comes to us for determination as an action on submitted facts pursuant to CPLR 3222. In accordance with paragraph 3 of subdivision (b) of that rule it is, by stipulation of the parties, submitted to us in the first instance.

The facts, as agreed to by the parties, demonstrate that in May, 1978 defendant purchased from plaintiff certain goods required to be specially manufactured. Both parties knew and understood that the goods were to be installed on the fifth floor of 40 Wall Street, New York City, for the use

of Manufacturers Hanover Trust Company, then or thereafter to be the occupant of the premises.

By mutual agreement between the parties, the contract was subsequently amended by additions and deletions to the end that the original purchase price of $23,680 was reduced to $18,905.

Plaintiff delivered the goods specifically manufactured. Subsequently, it was notified by defendant that the goods failed to conform to the specifications laid down in the purchase order and that defendant had been required to expend the sum of $4,134.50 in order to conform the goods to the purchase order and to the needs of the Manufacturers Hanover Trust Company and that, by consequence, defendant claimed a set off in the amount of that expenditure against the purchase price.

Thereafter, defendant issued a check payable to plaintiff in the sum of $14,770.50 representing the difference between the agreed purchase price of $18,905 and the claimed set off of $4,134.50. On the reverse side of the check was an endorsement which stated: "Endorsement of this check constitutes payment in full of all claims that BRAUN EQUIPMENT may have against ELAINE PRODUCTS CO. INC." (Elaine was the name by which defendant was previously known.) Accompanying the check was a letter which indicated that the check was a tender of the amount claimed to be owing and that acceptance thereof constitued a waiver of any further claim against defendant.

Plaintiff endorsed this check and negotiated it. However, prior to such negotiation plaintiff noted immediately following the endorsement placed on the check by defendant, the following: "Notwithstanding the foregoing Braun Equipment Co. accepts this payment without prejudice and with full reservation of its rights to assert a claim for $4,134.50 due under P.O. 19820, dated May 3, 1978 and Braun Invoice #6349, dated August 12, 1978, for which this payment is accepted in part".

Thus, the issue tendered is whether the plaintiff's negotiation of the check containing defendant's endorsement constituted an accord and satisfaction.

"An agreement whereby one party undertakes to give or perform, and the other to accept in settlement of an existing or matured claim, something other than that which he believes himself entitled to, is an accord, and the execution of such an agreement is a satisfaction. An accord, when followed by a satisfaction, is a bar to the assertion of the original claim, but unless and until followed by a satisfaction it has no effect" (1 NY Jur, Accord and Satisfaction, § 1; *Reilly v Barrett*, 220 NY 170; *Ostrander v Ostrander*, 199 App Div 437). In order for the compromise to be binding, it is necessary that the amount in dispute be unliquidated or, if liquidated, that there be genuine disagreement as to the amount due.

Prior to the enactment of the Uniform Commercial Code, it is highly probable that the negotiation of the check here in question would have constituted an accord and satisfaction and would have discharged defendant from further liability. The amount due from plaintiff to defendant, although liquidated, was in dispute and the dispute was a genuine one *(Schuttinger v Woodruff*, 259 NY 212; *Ostrander v Ostrander*, 199 App Div 437, *supra;* 1 NY Jur, Accord and Satisfaction, § 9) ; the check issued by defendant was in settlement of that dispute and the plaintiff so understood it; and plaintiff, despite its addendum to plaintiff's endorsement, by its negotiation of the check, accepted it in accordance with the terms of defendant's offer *(Nassoiy v Tomlinson*, 148 NY 326).

Thus, the question resolves itself to whether section 1-207 of the Uniform Commercial Code has changed or altered the pre-existing rule. That section reads as follows: "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice', 'under protest' or the like are sufficient".

Defendant would seek to limit applicability the section to installment or continuing contracts. In support of its position it points to language in the official comment referring to "the continuation of performance along the lines con-

templated by the contract despite a pending dispute, by adopting the mercantile device of going ahead with delivery, acceptance, or payment 'without prejudice,' 'under protest,' 'under reserve,' 'with reservation of all our rights,' and the like". (Uniform Commercial Code, § 1-207, Official Comment No. 1.) There is authority, both academic (Hawkland, The Effect of U.C.C. § 1-207 on the Doctrine of Accord and Satisfaction by Conditional Check, 74 Comm LJ 329; Rosenthal, Discord and Dissatisfaction: Section 1-207 of the Uniform Commercial Code, 78 Col L. Rev 48) and judicial *(Jahn v Burns*, 593 P2d 828 [Wyo]), to support this position. We, however, have held to the contrary, in *Ayer v Sky Club* (70 AD2d 863). There we noted (p 864) that section 1-207 of the Uniform Commercial Code " 'permits a party * * * to accept whatever he can get by way of payment, performance, etc., without losing his rights to * * * sue for the balance of the payment, so long as he explicitly reserves his rights' ". Other decisions by New York courts have followed the same rule *(Kroulee Corp. v Klein & Co.*, 103 Misc 2d 441; cf. *Lange-Finn Constr. Co. v Albany Steel & Iron Supply Co.*, 94 Misc 2d 15) as have some of the courts of sister States *(Miller v Jung*, 361 So 2d 788 [Fla, DCA 2d]; cf. *Hannah v Ryder Corp.*, 380 So 2d 507 [Fla, DCA 3d], in which the court expressly abstained from ruling on the issue).

In the circumstances here presented, we find that plaintiff, by its addendum to defendant's endorsement, expressly preserved its rights in accordance with section 1-207 of the Uniform Commercial Code thus precluding an accord and satisfaction.

Accordingly, judgment is unanimously rendered in favor of plaintiff and against defendant in the sum of $4,134.50, with interest thereon, but without costs.

KUPFERMAN, J. P., FEIN, SANDLER and SULLIVAN, JJ., concur.

Upon submission of a controversy to this court upon an agreed statement of facts, judgment is rendered in favor of

plaintiff and against defendant in the sum of $4,134.50, with interest thereon, without costs and without disbursements.