■ LES BRAUN, Doing Business as BRAUN EQUIPMENT Co. v C. E. P. C. DISTRIBUTORS, INC. — We are asked to resettle an order rendered by us on an agreed statement of facts (CPLR 3222) [77 AD2d 358]. The sole question submitted was a question of law which we decided. Judgment was rendered accordingly. We are now informed that the action was originally brought and is still pending in the Civil Court of the City of New York, County of New York; that among the defenses interposed by defendant was that of accord and satisfaction, and that it was thought, that determination of the validity of that defense might be dispositive of the plaintiff's claim. Accordingly, the parties decided to submit that single issue to us on an agreed statement of facts. Apparently, they were of the opinion that this was per-

missible while reserving the other issues for trial in the Civil Court. The purpose of the procedure encompassed by CPLR 3222 is to permit the adjudication of a controversy where the parties can agree upon the facts. It may not be used as a vehicle for the piecemeal determination of issues. Its function is to effect a final resolution of a litigation. Had we known that the submission embodied but one of the issues involved in the lawsuit we would have rejected it. In the circumstances it would be improper to resettle our order to nullify the judgment granted "in favor of plaintiff and against defendant in the sum of $4,134.50 with interest thereon, but without costs" and we must refuse to do so. However, we note that defendant's answer in the Civil Court contains a counterclaim seeking damages in the sum of $200,000 for alleged injury to defendant's business reputation. Because we are convinced that the parties acted in good faith under a mistaken impression of the function of a submission of a controversy on an agreed statement of facts and because the allegations comprising the counterclaim were not before us, we will grant the application to the extent of amending the decretal paragraph of the order of this court entered on December 2, 1980 and the opinion filed therewith by adding at the end thereof "and defendant's counterclaim severed with leave to defendant to pursue said counterclaim in the Civil Court, New York County." Concur — Kupferman, J.P., Sandler, Sullivan, Bloom and Fein, JJ.