OPINION OF THE COURT
Sam Eisenberg, J.
In this small claims proceeding for the recovery of a balance claimed to be owing for damages to a motor vehicle, the court is asked to apply the statutory provision of the Uniform Commercial Code relating to accord and satisfaction, rather than the common law with respect thereto.
The plaintiff’s automobile wac damaged by the alleged negligent operation of the defendant Bruno’s automobile by the defendant Ricci. The defendants estimated the damages to the plaintiff’s automobile to be the sum of $906.26 and issued their check to the plaintiff in that sum. The plaintiff received the check, deposited and collected it, making it clear, however, that he was accepting the payment as a partial payment “without prejudice” to his claim for an additional sum. This lawsuit is brought to recover the additional sum claimed by the plaintiff as damages.
The defendants have now moved for summary judgment, relying upon the common law, to the effect that acceptance *713 and negotiation by a payee of a check offered in satisfaction of a disputed, unliquidated claim constitutes an accord and satisfaction barring any further claims by the accepting party.
Further, the defendants urge that the acceptance of the check is no less accord and satisfaction, though the recipient in accepting the check had indicated that the acceptance was “without prejudice”. That is clearly the common law, and the defendants are correct in their statement of that law, amply supported by the cases which they have cited, such as Carlton Credit Corp. v Atlantic Refining Co. (12 AD2d 613), Welbourne & Purdy v Mahon (54 AD2d 1046), and Hirsch v Berger Import & Mfg. Corp. (67 AD2d 30). But that principle of common law, insofar as it is applicable to commercial transactions, at least, has been changed by the action of the Legislature in its enactment of section 1-207 of the Uniform Commercial Code. That section permits a party who is involved in a code-covered transaction to accept a part payment without loss of a right to claim a balance so long as he explicitly reserves the right to do so. The use of such words as “without prejudice” are statutorily stated to be indicative of an explicit reservation of rights.
A clear-cut issue has thus been presented to this court to determine whether the statutory rule of the Uniform Commercial Code as to accord and satisfaction should prevail over the common law, recognizing that this is not a commercial transaction in the sense contemplated by the Uniform Commercial Code. It is not a transaction which arose out of a commercial transaction, for it is, rather, a claim in tort.
New York Jurisprudence (vol 62, Uniform Commercial Code, § 12) urges strongly that the provisions of section 1-207 of the Uniform Commercial Code should be applied to noncommercial transactions as it is to matters coming within the province of the Uniform Commercial Code. It argues, in part, as follows: “The policy of modernizing the law and furthering the development of commerce will be needlessly constricted, it has been said, if courts continue to retain outmoded common-law rules in areas not covered by the Code, and refuse to give the Code the recognition it *714 deserves. The Uniform Commercial Code — because of the unique sophistication and thoroughness of the drafting process, the representation of all interested parties, and the existence of a vast number of similar situations not expressly within its coverage — is an example par excellence of a statute that is appropriate for use as a premise for reasoning.”
In essence, the writers of New York Jurisprudence are suggesting that the common-law rule relating to accord and satisfaction should be abandoned in light of the reasoning which prompted the enactment of section 1-207 of the Uniform Commercial Code. That enactment is considered by the cited text to be “appropriate for use as a premise of reasoning”.
The position put forth by New York Jurisprudence appears to have recommended itself to the Appellate Division of the First Department in the matter of Ayer v Sky Club (70 AD2d 863). Therein, the court noted its view in the following language (p 864): “We perceive the transaction underlying the billing dispute between the parties to be one in which, while occurring in an area to which the statute (Uniform Commercial Code) might not expressly apply, nevertheless, the rule of the statute should be applied (see 62 NY Jur, Uniform Commercial Code, § 12).” Yet in the Civil Court of the City of New York in the case of Blottner, Derrico, Weiss & Hoffman v Fier (101 Misc 2d 371) the court refused to ascribe to the decision in Ayer u Sky Club (supra), the broad implication that the common law of accord and satisfaction has been abrogated by the enactment of section 1-207 of the Uniform Commercial Code. There, it found (p 374) that: “While this statute may even give guidance to the court in a situation where its application is not clear (cf. Ayer v Sky Club, 70 AD2d 863), it cannot, in an area where it clearly does not apply, be the basis for the overturning of the long and well-settled rule that the acceptance of a check in full payment of a disputed claim operates as an accord and satisfaction of the claim.”
Relying upon that conclusion, the court in Blottner (supra) declined to apply the Uniform Commercial Code rule with respect to accord and satisfaction in an action for *715 services rendered, asserting that the code was inapplicable to an action involving payment for legal services.
This court acknowledges that it would be hard pressed to find a complete reversal of the common law of accord and satisfaction out of the enactment of section 1-207 of the Uniform Commercial Code. The language of that section is precise in its deviation from the common-law rule of accord and satisfaction, but there is nothing in the statute itself which provides or implies that the change is applicable to any area of the law other than those code-covered transactions.
But, the adoption of the code rule in this area is urged by New York Jurisprudence as a matter of reason and not because the change is to be found within the confines of section 1-207 of the Uniform Commercial Code. The same reasoning which impelled the legislative change in the common law as applied to code transactions would justify a rejection at this time by the courts of the common law in all other transactions where payment is made by a written instrument. There is neither logic nor reason to the invocation of one rule where payment is made by check for goods sold and delivered and another where payment is made by check for damages to a motor vehicle. Each case may have had its beginning from a different source — one out of a contract and the other out of a tort — but each case had moved on to an identical commercial aspect. In each case a check had been issued in payment. This court discerns no reason to employ one rule of accord and satisfaction for a check issued to páy for goods and another rule for a check issued to pay for property damage. To the contrary, the desirability of uniformity in the application of the law would call for the adoption of the same rule in each case.
This court is persuaded, contrary to the view expressed in Blottner, Derrico, Weiss & Hoffman v Fier (101 Misc 2d 371, supra), that the full import of Ayer v Sky Club (70 AD2d 863, supra), is to the effect that the doctrine of accord and satisfaction as now expressed in section 1-207 of the Uniform Commercial Code ought to be applied to comparable non-code-covered situations. That decision has, in effect, modified the common-law doctrine related to accord *716 and satisfaction where a check has been received and collected in payment of a disputed amount.
Relying upon Ayer (supra), and convinced of the wisdom of a uniform rule of accord and satisfaction, this court now concludes that the rule of section 1-207 of the Uniform Commercial Code should be applied in this case and not the common law. The court finds, therefore, that the receipt and acceptance of the defendants’ check by the plaintiff did not constitute an accord and satisfaction and the defendants’ motion for summary judgment is denied.
The plaintiff has moved the court to strike the defendants’ jury demand. The right to a jury trial of a small claim is to be found in UCCA 1806. An examination of that statute and the defendants’ jury demand indicate a failure of strict compliance with UCCA 1806, for there has been no statement in the jury demand that there are issues of fact requiring such trial and no specification of such issues nor that the jury trial is intended in good faith. Since the court discerns no prejudice to the defendants by a nonjury trial of the small claim herein, it considers it appropriate to hold the defendants to strict compliance with UCCA 1806 and grants the plaintiff’s motion to strike the defendants’ jury demand.
The defendants are entitled to a trial by the court, rather than disposition by arbitration, and they may so elect. Plaintiff’s contention that the defendants have waived a trial by the court is rejected.