OPINION OF THE COURT
Ronald J. Buttarazzi, J.
Plaintiff, Pius Channave doing business as Pacs Handyman Service, brought a small claims action against the defendants, Hubert Kraai and Florence Kraai, for an unpaid bill for services in the amount of $1,185. The defendants disputed the amount due and forwarded a check dated August 4, 1982 to the plaintiff in the amount of $635.25 upon which check was marked memo “Pd. in Full”.
Plaintiff struck out the “Pd. in Full” and wrote above it “Rec. on account”. On the back of the check the plaintiff wrote “Rec. as partial payment on acct. Bal. due $587.20.”
The defendants have raised the defense of accord and satisfaction. The question arises as to whether this defense remains available in the case before this court. Section 1-207 of the Uniform Commercial Code provides as follows: “A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as ‘without prejudice’, ‘under protest’, or the like are sufficient.” The Appellate Division, First Department, apparently extended the applicability of this section in its decision in Ayer v Sky Club (70 AD2d 863, 864) by ruling: “We *860 perceive the transaction underlying the billing dispute between the parties to be one in which, while occurring in an area in which the statute (Uniform Commercial Code) might not expressly apply, nevertheless, the rule of the statute should be applied”. The inherent ambiguity and ambivalence of section 1-207 feared by the commentators was thereby crystalized. (See Hawkland, The Effect of U.C.C. § 1-207 on the Doctrine of Accord and Satisfaction by Conditional Check, 74 Comm LJ 329; Rosenthal, Discord and Dissatisfaction: Section 1-207 of the Uniform Commercial Code, 78 Col L Rev 48.)
The doctrine of accord and satisfaction has in fact been abrogated in part. In cases where the Uniform Commercial Code is applicable, such as the sale of computers, a creditor by complying with section 1-207 can reserve his rights although he accepts a check being conditioned as payment in full. (See Continental Information Systems v Mutual Life Ins. Co., 77 AD2d 316, 321; Kroulee Corp. v Klein & Co., 103 Misc 2d 441 [sale of aluminum]; Braun v C.E.P.C. Distrs., 77 AD2d 358 [specifically manufactured goods]; Schenectady Steel Co. v Trimpoli Gen. Constr. Co., 43 AD2d 234 [sale of steel].) Nevertheless, the rule is otherwise where the underlying transaction involves services. (See Wilcox Press v Beauty Fashion, 73 AD2d 988.) In Blottner, Derrico, Weiss & Hoffman v Fier (101 Misc 2d 371, 374) the court stated: “The Uniform Commercial Code, however, is not applicable to the rendition of services * * * Accordingly, it has no application in this case which involves the rendition of legal services. While the statute may even give guidance to the court in a situation where its application is not clear (cf. Ayer v Sky Club, 70 AD2d 863), it cannot, in an area where it clearly does not apply, be the basis for overturning of the long and well-settled rule that the acceptance of a check in full payment of a disputed claim operates as an accord and settlement of the claim.” The rule has also been applied where services predominate and goods are only incidentál to the transaction. (Joseph P. Suchy, Inc. v Stuerzel, 82 Misc 2d 40 [funeral services with casket incidental]; Welbourne & Purdy, Inc. v Mahon, 54 AD2d 1046 [commissions].) The Uniform Commercial Code has consistently been deemed not to be applicable in situations where service predominates and transfer of title to *861 personal property is only incidental to the transaction. (Schenectady Steel Co. v Trimpoli Gen. Constr. Co., 43 AD2d 234, supra.)
Although the doctrine that a creditor forfeits his rights by the negotiation of a check marked paid in full by the debtor, and which the creditor unequivocally expresses in writing a contrary intent appears subject to criticism, it would appear that such a negotiation of a check constitutes an accord and satisfaction in situations involving services. (Wilcox Press v Beauty Fashion, 73 AD2d 988, supra [printing services].)
The defense of accord and satisfaction is therefore available in the case before the court and the complaint is hereby dismissed.