■ GEELAN MECHANICAL CORP., Appellant, v DEMBER CONSTRUCTION CORP., Respondent. — In an action to recover on an account stated and for breach of a construction contract, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), entered May 9, 1983, which, *inter alia,* dismissed the complaint on the merits. Judgment affirmed, without costs or disbursements. The defendant construction company was the general contractor for the construction of the "A-7 Restaurant" in the World Trade Center. It subcontracted the plumbing work to the plaintiff. The contract between the parties consisted of a standard form construction subcontract together with a rider which specified the nature and quality of the work to be performed on the project. In the course of performance, a dispute arose between the parties as to the amount due for work and extras on the contract. Defendant sent plaintiff a check, dated November 17, 1980, bringing its total payments to $160,717.43. The face of the check bore the following notation: "Accepted in Full & Final Payment on all Contract extras — C.O.'s etc". Plaintiff, before cashing the check, added the following notation: "Subject to any claims by Geelan Mechanical Corp. against Dember Construction Corp." Plaintiff claimed that defendant still owed it $25,351.04. Plaintiff thereafter commenced the instant action to recover the sum claimed. Defendant then moved to dismiss the complaint. Special Term granted the motion, holding that "plaintiff's acceptance of the payment offered by defendant in full satisfaction of the disputed claim constituted an accord and satisfaction which defeats the plaintiff's claim in this action". Judgment was entered dismissing the complaint on the merits, and this appeal ensued. We affirm. It is undisputed that, under the common law of contracts, there would be in this case, as a matter of law, an accord and satisfaction of the disputed claim (see *Manfredi Constr. Corp. v Green Fan Co.,* 87 AD2d 611). However, for contracts involving the sale of goods, section 1-207 of the Uniform Commercial Code provides: "Performance or acceptance under

reservation of rights. A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice', 'under protest' or the like are sufficient". It is equally undisputed that, if this provision applied there would be no accord and satisfaction herein (see *Braun v C.E.P.C. Distrs.*, 77 AD2d 358). The New York appellate courts have several times addressed this issue in the context of construction contracts, guided by the rule that a contract is one for the sale of goods only if the element of transfer of personal property predominates over the element of work, service, etc., following the general principles set forth in *Perlmutter v Beth David Hosp.* (308 NY 100). In *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.* (43 AD2d 234, affd 34 NY2d 939), it was held that a contract to erect structural steel for a bridge was one in which the sale of the steel beams was merely incidental to the predominant purpose of the contract, namely, the erection of those beams. In *Milau Assoc. v North Ave. Dev. Corp.* (42 NY2d 482), the Court of Appeals held that a standard form construction subcontract calling for the installation of a sprinkler system was primarily one for work and not for the sale of goods. Under New York law it is therefore almost beyond dispute that this contract — in which barely any mention is made of "goods" to be "sold", while there is exhaustive attention paid to the work to be performed — is not covered by the Uniform Commercial Code. We are cognizant of the fact that in *Ayer v Sky Club* (70 AD2d 863, app dsmd 48 NY2d 705) the Appellate Division, First Department, held that section 1-207 of the Uniform Commercial Code should apply in a case involving a dispute over a bill to plaintiff for a party given at defendant's premises, despite that court's statement that the Uniform Commercial Code might not expressly apply to the underlying transaction. However, in view of the clear holding of the Court of Appeals in *Milau* (*supra*), it is our opinion that the provisions of the Uniform Commercial Code should not be held to govern this standard form construction subcontract. Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.