UNITED STATES of America, Plaintiff,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant.

No. 83 Civ. 6222.

United States District Court,
S.D. New York.

July 25, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for plaintiff; Frederick M. Lawrence, Asst. U.S. Atty., New York City, of counsel.

Bernard Hulkower, New York City, for defendant; Kenneth Shaw, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is an action by the United States Postal Service ("USPS") to recover interest on $107,917.69 it was overcharged for electricity by Consolidated Edison Company of New York ("Con Ed") between June 1, 1976 and April 2, 1981, as a result of an error in Con Ed's conversion to a computer billing system. The parties disagree about when the overbilling was first discovered by the USPS, but agree that Con Ed began investigating the billing in October, 1980, and determined that a refund was due in April, 1981. When Con Ed determined the amount of the overcharge, it offered a refund, but refused plaintiff's demand for interest. On June 11, 1981, Con Ed tendered a check for the principal, and USPS negotiated the check with the following endorsement: "Negotiation of this check is not to be construed as a waiver of U.S. Postal Service's claim for interest payments." Plaintiff also sent a letter to Con Ed acknowledging receipt of the refund, and reaffirming that it was accepted under protest.

Upon Con Ed's continued refusal to pay the interest demanded, plaintiff commenced this action to recover interest at a rate of 1.5 percent per month, the rate Con Ed charges its customers for late payments, for a total of $60,647.50. Plaintiff now concedes, however, that the proper rate of interest is six percent per year, pursuant to New York Civ.Prac.Law § 5004 (McKinney

Supp.1983), which amounts to a total of $20,215.83.[1]

Plaintiff moves, and defendant cross-moves, for summary judgment. Both agree that there are no material issues of fact in dispute, and that the matter is ripe for disposition by summary judgment. The central issue is whether plaintiff waived its right to recover interest by negotiating the check for the overcharge, albeit under protest.[2] Defendant contends that the rule stated in *Stewart v. Barnes*,[3] must be applied:

> Where money is retained by one man against the declared will of another who is entitled to receive it, and who is thus deprived of its use the rule of courts in ordinary cases is, in suits brought for the recovery of the money, to allow interest as compensation to the creditors for such loss. Interest in such cases is considered damages and does not form the basis of the action, but is incident to the recovery of the principal debt. The right of action is the right to compel the payment of the money which is being retained. When he who has this right commences an action for its enforcement, he at the same time acquires a subordinate right, incident to the relief which he may obtain, to demand and receive interest. If however, the principal sum has been paid, so that, as to it, an action brought cannot be maintained, the opportunity to acquire a right to damages is lost.[4]

Plaintiff contends, on the other hand, that the *Stewart* rule is no longer valid, because New York has adopted Section 1–207 of the Uniform Commercial Code ("U.C.C."):

> A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved.[5]

Plaintiff points to decisions holding that Section 1–207 has overturned the common law doctrine of accord and satisfaction,[6] and argues that the *Stewart* rule is merely a variation on that doctrine and therefore also has been overturned by the U.C.C.

■ While the *Stewart* rule is not, strictly speaking, a rule of accord and satisfaction,[7] the Court agrees that the rule has

---

1. While the interest rate provided by New York Civ.Prac.Law § 5004 (McKinney Supp.1983) is now nine percent per year, the statute provided only six percent per year prior to June 25, 1981, and defendant refunded the overcharge before that date.

2. Defendant attempts to avoid resolution of this central issue by arguing that the doctrine of primary jurisdiction requires the Court to decline to exercise jurisdiction over the action because matters relating to public utilities have been placed by regulation within the special competence of the Public Service Commission. None of the factors that counsel deference to a regulatory agency under the doctrine of primary jurisdiction are present in this action, however. *See United States v. Western Pac. R.R.*, 352 U.S. 59, 64–65, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). Further, it is questionable that the Public Service Commission would have jurisdiction to hear the matter—indeed, it appears from documents submitted in support of the motion that the Commission advised plaintiff that it lacked jurisdiction to order a utility to pay interest on an overcharge. *See* Plaintiff's Response to Interrogatory No. 7; *see generally* County of *Suffolk v. Long Island Lighting Co.*, 728 F.2d 52, 62 (2d Cir.1984).

3. 153 U.S. 456, 14 S.Ct. 849, 38 L.Ed. 781 (1894).

4. *Id.* at 462, 14 S.Ct. at 851.

5. New York U.C.C. § 1–207 (McKinney 1964).

6. *See, e.g., Braun v. C.E.P.C. Distrib., Inc.,* 77 A.D.2d 358, 433 N.Y.S.2d 447 (App.Div. 1st Dep't 1980), *amended,* 80 A.D.2d 505, 435 N.Y.S.2d 289 (App.Div. 1st Dep't), *appeal denied,* 52 N.Y.2d 704, 437 N.Y.S.2d 1027, 418 N.E.2d 1328 (1981); *Continental Information Sys. Corp. v. Mutual Life Ins. Co.,* 77 A.D.2d 316, 432 N.Y.S.2d 952 (App.Div. 4th Dep't 1980); *Ayer v. Sky Club, Inc.,* 70 A.D.2d 863, 418 N.Y.S.2d 57 (App.Div. 1st Dep't), *appeal dismissed,* 48 N.Y.2d 705, 422 N.Y.S.2d 68, 397 N.E.2d 758 (1979); *Lange-Finn Constr. Co. v. Albany Steel & Iron Supply Co.,* 94 Misc.2d 15, 403 N.Y.S.2d 1012 (Sup.Ct.1978).

7. The doctrine of accord and satisfaction usually relates to a dispute over the amount of principal due; the principal is not at issue here. In addition, the *Stewart* rule is grounded upon a theory that interest is a form of damages incident to the recovery of the principal due, and therefore "the debt being extinguished, the right to claim interest must necessarily be extinguished also." *Devex Corp. v. General Motors Corp.,* 579 F.Supp. 690, 701 n. 27 (D.Del.1984). The doctrine of accord and satisfaction, on the other hand, is based upon contract principles:

been supplanted by the reservation of rights provision of the U.C.C. That provision is worded quite broadly, and does not overturn just the law of accord and satisfaction. It "permits a party involved in a Code-covered transaction to accept whatever he can get by way of payment, performance, etc., without losing his rights to demand the remainder of the goods, to set-off a failure of quality, or to sue for the balance of the payment, so long as he explicitly reserves his rights." [8] Its scope therefore is broad enough to allow one who claims a right to interest to accept payment of principal under protest without waiving the right to interest.[9]

 In New York, electricity is not considered "goods" and the U.C.C. therefore is not directly applicable to contracts involving the provision of electricity.[10] However, the New York courts have drawn upon the U.C.C. reservation of rights provision in areas to which the Code does not expressly apply. The provision has been applied, for example, to disputes over the amounts due for services,[11] for the rights to creative properties,[12] and for damages caused by tortious conduct.[13] As one New York Court stated:

> The same reasoning which impelled the legislative change in the common law as applied to Code transactions would justify a rejection at this time by the courts of common law in all other transactions where payment is made by a written instrument. There is neither logic nor reason to the invocation of one rule where payment is made by check for goods sold and delivered and to another where payment is made by check [in a non-U.C.C. transaction.] ... To the contrary, the desirability of uniformity in the application of the law would call for the adoption of the same rule in each case.[14]

That reasoning is persuasive. Defendants have offered no principled basis for disallowing a reservation of rights because defendant's billing error involved the provision of electricity, when plaintiff could have reserved its rights had the billing error instead involved electrical goods.

Further, even putting aside the U.C.C.'s reservation of rights provision, the Court is not persuaded that the *Stewart* rule is applicable here. In *Stewart*, where plaintiff sought to recover interest on taxes wrongfully withheld from him, there was no statutory provision allowing the recovery of interest in such situations. The Supreme Court later indicated, in *Girard Trust Co. v. United States*,[15] that *Stewart* does not apply when the payment of interest is mandated or allowed by statute:

---

"An accord is a contract under which an obligee promises to accept a stated performance in satisfaction of an obligor's existing duty. Performance of the accord discharges the original duty." Restatement Contracts 2d § 281(1) (1981).

**8.** *Ayer v. Sky Club, Inc.*, 70 A.D.2d 863, 418 N.Y.S.2d 57, 58 (App.Div. 1st Dep't), *appeal dismissed*, 48 N.Y.2d 705, 422 N.Y.S.2d 68, 397 N.E.2d 758 (1979) (*quoting* New York U.C.C. § 1–207 New York Annotations of the Official Comment (McKinney 1964)).

**9.** *See also* New York U.C.C. § 1–102 (McKinney 1964) (provisions of the Uniform Commercial Code are to be construed and applied liberally to promote its underlying purposes and policies).

**10.** *Farina v. Niagara Mohawk Power Corp.*, 81 A.D.2d 700, 438 N.Y.S.2d 645 (App.Div. 3d Dep't 1981).

**11.** *See, e.g., Ayer v. Sky Club, Inc.*, 70 A.D.2d 863, 418 N.Y.S.2d 57 (App.Div. 1st Dep't), *appeal dis-*

*missed,* 48 N.Y.2d 705, 422 N.Y.S.2d 68, 397 N.E.2d 758 (1979). *But see Geelen Mechanical Corp. v. Dember Constr. Corp.*, 97 A.D.2d 810, 468 N.Y.S.2d 680 (App.Div. 2d Dep't 1983) (U.C.C.'s reservation of rights provision does not govern dispute over plumbing services); *Blottner, Derrico, Weiss & Hoffman, P.C. v. Fier*, 101 Misc.2d 371, 420 N.Y.S.2d 999 (N.Y.Civ.Ct.1979) (U.C.C. § 1–207 is not applicable to dispute over charge for legal services).

**12.** *Aguiar v. Harper & Row Publishers, Inc.*, 114 Misc.2d 828, 452 N.Y.S.2d 519 (N.Y.Civ.Ct.1982).

**13.** *Cohen v. Ricci*, 120 Misc.2d 712, 466 N.Y.S.2d 121 (N.Y.City Ct.1983).

**14.** *Id.* at 715, 466 N.Y.S.2d at 123; *see also* 62 N.Y.Jur.Uniform Commercial Code § 12 (1968).

**15.** 270 U.S. 163, 46 S.Ct. 229, 70 L.Ed. 524 (1926).

[In *Stewart*] [t]his Court held that the taxpayer could not maintain an independent action for interest, for the reason that in such cases interest is considered as damages, does not form the basis of the action, and is only an incident to the recovery of the principal debt. We do not think that it controls this case. The payment of interest in the *Stewart Case* was not expressly provided for in the Act. In this case there is statutory provision for it, and it is analogous to a suit in debt or covenant in which the contract specifically provides for payment of interest on the principal debt. In such cases the authorities all hold that the acceptance of the payment of the principal debt does not preclude a further suit for the interest unpaid. And the same rule obtains where the obligation is one that by statute bears interest.[16]

There is no question that had plaintiff sued to recover its overpayment, it would have been entitled to interest upon the overpayment, because New York provides by statute for the recovery of interest "upon a sum awarded because of a breach of performance of a contract."[17] There was no statute or regulation in New York at the time plaintiff was overbilled directly analogous to the statute in *Girard*, which required the Internal Revenue Commission to pay interest upon refunds or credits of taxes overpaid.[18] However, the statutory provision for interest upon damages awarded for a breach of contract brings this case closer to the *Girard Trust* rule than to *Stewart.*

In sum, the Court concludes that the *Stewart* rule is not applicable here, and that the U.C.C. reservation of rights provision should be applied. Indeed, common sense dictates that result. Con Ed, the party at fault for the error in billing, should not be allowed to avoid the plaintiff's claim for accrued interest, which the plaintiff specifically reserved by both its endorsement of the check and its letter acknowledging receipt of the check, by putting plaintiff to the Hobson's choice of accepting the refund without interest, or waiting months, or more likely years, to recover the principal plus interest in a lawsuit. In this case, the litigants are giants—the United States Postal Service and a large public utility. In another case, however, it may be an average consumer of modest means, who under defendant's theory could be forced to forego the right to interest in order to receive a prompt refund of an overcharge admittedly due him or her.[19]

Defendant points out that the contract between the parties contains a provision for the payment of interest to Con Ed if, upon review, a dispute is resolved in its favor, but contains no similar provision for amounts found to be due from Con Ed to plaintiff. Defendant argues that the absence of such a provision in the contract, which was drafted by the plaintiff, reflects the intent of the parties that plaintiff not be entitled to interest on amounts due from Con Ed. That argument is without merit. A fair reading of the provision upon which defendant relies indicates that it relates to factual disputes over rates, tariffs, charges for electrical services and performance by Con Ed, the contractor. All such disputed issues of fact are to be decided by the government's "Contracting Officer." If, on appeal from a decision of the Contracting Officer, the Secretary of the government department involved or the General Services Adminis-

---

**16.** *Id.* at 168, 46 S.Ct. at 231.

**17.** New York Civ.Prac.Law § 5001 (McKinney 1963).

**18.** On March 14, 1984, the Public Service Commission amended N.Y.Admin.Code tit. 16 § 145 to require electric corporations such as Con Ed to "provide interest on customer overpayments."

**19.** *See, e.g., Stamatov v. Con Edison,* No. 82A78, slip op. (Justice Court of North Castle February 8, 1983) (Plaintiff awarded $242.01 in interest on an overcharge of $813.59; he had accepted a refund of principal under protest.); *Ridgewood Assoc. v. Con Edison,* N.Y.L.J. April 4, 1978, at p. 12, col. 2 (N.Y.Civ.Ct.) (Plaintiff overcharged $30,559.43 entitled to recover interest; it had accepted a refund of the overcharge under protest.)

tration's Board of Contract Appeals decides that money is due Con Ed, the contract provides for payment of simple interest on the amounts owed. It is clear that the provisions for resolution of disputes by the Contracting Officer and Secretary or Board of Contract Appeals, including the provision for interest, apply only to factual disputes arising out of claims asserted by Con Ed, and do not preclude the USPS from pursuing legal remedies in its claims against Con Ed. Further, as noted above, New York Civ.Prac.Law § 5001 (McKinney 1963) provides for pre-judgment interest as a matter of right in breach of contract claims, and the absence of a provision for interest in the contract does not defeat that right.

Finally, defendant argues that claims for interest prior to August 17, 1977 (six years before the action was commenced) are barred by the statute of limitations.[20] Plaintiff asserts that it could not have discovered the billing error until 1978. Plaintiff's own statements indicate, however, that the error was discovered when an employee merely compared bills issued before the conversion in July, 1976, with bills issued after the conversion. That comparison reasonably could have been made as soon as plaintiff received the first bills issued by the new computer system.

Summary judgment is awarded to plaintiff for interest at a rate of six percent per year from the date of August 17, 1977. Defendant's cross-motion for summary judgment is denied.

So ordered.

**20.** *See* 28 U.S.C. § 2415(a) (Supp. V 1976).