OPINION OF THE COURT
Per Curiam.
Final judgment entered August 6, 1986 modified by granting a possessory judgment against respondent Joel Leshin and, as modified, affirmed, with $25 costs to the appellants.
*400 This nonprimary residence proceeding was commenced against respondent Gary Leshin, who originally entered into possession of the subject rent-stabilized apartment at 317 East 93rd Street, Manhattan, on December 1, 1977. After a trial, the Housing Court found (and it is not seriously disputed) that Gary Leshin abandoned the premises as his primary residence when he vacated in February 1982. A final judgment of possession was entered against Gary Leshin. The point of dispute on this appeal concerns the right of respondent’s brother, Joel Leshin, who claims to have entered into occupancy with Gary in 1977 (but who was never a named tenant on any lease), to continue in possession in his own right. The Housing Court determined that because the landlords, during 1985, accepted certain rent checks imprinted "Gary Leshin and Joel Leshin”, signed by Joel Leshin, they had accepted Joel Leshin as their tenant.
We conclude that the landlords’ acceptance of the rent checks alluded to above did not operate as a waiver of a known right or an assent to Joel Leshin’s status as a tenant (Sullivan v Brevard Assocs., 66 NY2d 489, 495). The landlords were never formally advised that Gary Leshin had vacated and that Joel Leshin was continuing in sole occupancy. Indeed, Gary Leshin executed a renewal lease for the period December 1982 through November 1985, notwithstanding that he had already vacated the premises. If anything, there was an obvious attempt here, to deceive the landlords as to the true occupant of the apartment premises. The mere payment of rent with checks drawn on a joint account would not have apprised the landlords that Gary Leshin had abandoned or that Joel Leshin was asserting independent rights of tenancy.
Accordingly, we modify so as to grant a final judgment of possession against Joel Leshin. Even assuming that Joel Leshin originally entered into possession with Gary Leshin, Joel is not himself entitled to a renewal lease (Sullivan v Brevard Assocs., 66 NY2d 489, supra). Our decision in East Four-Forty Assocs. v Ewell (138 Misc 2d 235, 243-248), holding the succession provisions of the amended Rent Stabilization Code invalid and unenforceable, precludes Joel Leshin from succeeding to the apartment as a member of the departed tenant’s family.
Issuance of the warrant of eviction shall be stayed for 60 days from the service of a copy of the order of this court with notice of entry.