ROBERT DEVERNA, Claimant, v KINNEY SYSTEMS, INC., Defendant.

Civil Court of the City of New York, New York County, January 4, 1989

### APPEARANCES OF COUNSEL

*Allan J. Levine* for defendant. *Robert DeVerna,* claimant *pro se.*

### OPINION OF THE COURT

ALICE SCHLESINGER, J.

Does the acceptance of a full-payment check by a claimant offered as settlement of a tort action but with a "No" written on the back constitute an accord and satisfaction barring further claims?

In this small claims action claimant is seeking recovery for

damages to his automobile while it was parked in defendant's parking garage. Prior to the trial defendant tendered a check for $200 to claimant. Defendant had stamped the following on the back of the check: "In consideration of the sum hereby paid all claims and demands of any nature whatsoever against Kinney System Inc. and all affiliated and subsidiary companies, and all officers and employees thereof are hereby settled released and forever discharged." Claimant rejected this condition by writing the word "No" and initialing it. He then deposited the check.

At trial, defendant moved to dismiss the suit on the ground that acceptance of the check for the lesser amount constituted an accord and satisfaction. Defendant further asserts that since the check was offered to satisfy a disputed or unliquidated claim, claimant could not reject the condition and accept payment *(Rosenblatt v Birnbaum,* 16 NY2d 212 [1965]; *Carlton Credit Corp. v Atlantic Ref. Co.,* 12 AD2d 613 [1st Dept 1960]).

For the reasons set forth below, the court declines to follow the common-law rule of accord and satisfaction.

Application of this common-law doctrine as it applies to commercial and quasi-commercial transactions has been changed by section 1-207 of the Uniform Commercial Code *(Horn Waterproofing Corp. v Bushwick Iron & Steel Co.,* 66 NY2d 321 [1985]; *Ayer v Sky Club,* 70 AD2d 863 [1st Dept 1979]). In *Horn Waterproofing (supra),* the Court of Appeals held that section 1-207 allows a good-faith creditor to deposit a "full-payment" check provided he indicates his intent to preserve all rights through use of words such as "without prejudice", "under protest" or the like. The court noted that "[r]egardless of whether the underlying transaction between the parties was a contract for the performance of services rather than for the sale of goods, defendant's tender of a check to plaintiff brought the attempted full payment or satisfaction of the underlying obligation within the scope of article 3 (Commercial Paper), thereby rendering it a 'Code-covered' transaction to which the provisions of section 1-207 are applicable" *(supra,* at 332).

While the underlying obligation in *Horn Waterproofing (supra)* arose out of a contract for services and in the case at bar out of a tort, the application of the doctrine of accord and satisfaction should be consistent *(accord, Cohen v Ricci,* 120 Misc 2d 712 [Mount Vernon City Ct 1983]). In both instances

payment was made by check, therefore both are Code-covered transactions. This view is supported by the *Horn* court's extension of section 1-207 to reach all commercial and quasi-commercial transactions where the UCC is invoked based on payment of an article 3 instrument *(Horn Waterproofing Corp. v Bushwick Iron & Steel Co., supra,* at 331). The *Horn* court stated that "[b]y construing the section to permit a reservation of rights whenever a negotiable instrument is used to make payment on an existing debt, regardless of the nature of the underlying obligation between the parties, the commercial law of negotiable instruments is rendered more simple, clear and uniform" *(Horn Waterproofing Corp. v Bushwick Iron & Steel Co., supra,* at 331). This interpretation of section 1-207 "serves to liberalize, or 'de-technicalize', that important branch of commercial law, governing the full payment check" *(supra,* at 331, citing *Cohen v Ricci, supra).*

Other courts, subsequent to the Court of Appeals ruling in *Horn Waterproofing (supra),* have held that section 1-207 applies to noncommercial obligations where satisfaction is attempted by a negotiable instrument. *(See, McCreedy v Lopera,* 130 Misc 2d 292 [Dist Ct, Suffolk County 1985] [settlement by check for damage to automobile brings transaction within the UCC]; *see also, Festa v Leshin,* 132 Misc 2d 804 [Civ Ct, NY County 1986] [landlord's failure to note protest on rent check pursuant to UCC 1-207 constitutes a waiver and acceptance of tenancy], *mod* 138 Misc 2d 399 [App Term, 1st Dept 1988].)

The reasoning of the courts that strictly interpreted section 1-207 to apply to only UCC covered commercial transactions *(see, for example, Geelan Mechanical Corp. v Dember Constr. Corp.,* 97 AD2d 810 [2d Dept 1983]; *Channave v Kraai,* 120 Misc 2d 859 [Justice Ct, Monroe County 1983]; *Blottner, Derrico, Weiss & Hoffman v Fier,* 101 Misc 2d 371 [Civ Ct, Queens County 1979]) has been rejected by *Horn Waterproofing (supra).*

Furthermore, in *Cohen v Ricci (supra)* (decided before *Horn Waterproofing Corp. v Bushwick Iron & Steel Co., supra)* the court, upon facts strikingly similar to those in the instant case, applied the UCC rule of accord and satisfaction to damages caused to plaintiff's automobile by defendant's negligent conduct. It stated: "The same reasoning which impelled the legislative change in the common law as applied to code transactions would justify a rejection at this time by the courts of the common law in all other transactions where payment is made by a written instrument. There is neither

logic nor reason to the invocation of one rule where payment is made by check for goods sold and delivered and another where payment is made by check for damages to a motor vehicle" *(supra,* 120 Misc 2d, at 715).

This reasoning is sound *(accord, United States v Consolidated Edison Co.,* 590 F Supp 266, 269 [SD NY 1984]).

Application of the UCC rule on accord and satisfaction to noncommercial transactions is equitable. The Court of Appeals noted: "[T]he common-law doctrine of accord and satisfaction creates a cruel dilemma for the good-faith creditor in possession of a full payment check. Under that rule, the creditor would have no other choice but to surrender the partial payment or forfeit his right to the remainder. * * * We are persuaded, however, that the common law was changed with the adoption of section 1-207 pursuant to which a fairer rule now prevails" *(Horn Waterproofing Corp. v Bushwick Iron & Steel Co., supra,* at 326-327).

Finally, the court is not persuaded by the argument that the extension of this Code rule will result in abuse. The condition precedent to recovery under this rule is that the creditor must act in good faith in seeking to protect his rights to future moneys by registering his protest.

On the undisputed testimony at trial, defendant concedes liability for the damage done to DeVerna's car from their spray painting the garage wherein his automobile was parked. The claimant also submitted two itemized estimates as to the cost of removing the white spots from the car and repainting it. These both exceed $2,000.

Therefore, consistent with the reasoning discussed above and deducting the $200 already paid to DeVerna, the court finds for claimant in the amount of $1,800.